COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Bumgardner
Argued at Salem, Virginia


LARRY EDWIN TATUM, JR.

                                      MEMORANDUM OPINION* BY
v.    Record No. 1469-98-3       JUDGE RUDOLPH BUMGARDNER, III
                                         MARCH 30, 1999

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge

S. Jane Chittom, Appellate Counsel (Elwood
Earl Sanders, Jr.; Public Defender
Commission, on brief), for appellant.

Daniel J. Munroe, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Larry Edwin Tatum, Jr. appeals his conviction after a bench
trial of malicious wounding. He contends the evidence was not
sufficient to permit a finding of malice. Concluding that
sufficient evidence supported that finding, we affirm.

On appeal we view the evidence in the light most favorable
to the Commonwealth, with all reasonable inferences fairly
deducible therefrom. See Archer v. Commonwealth, 26 Va. App. 1,
11, 492 S.E.2d 826, 831 (1997). We must discard the evidence of
the accused in conflict with that of the Commonwealth, see
Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165

---

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

(1988), and not substitute our judgment for that of the fact finder.  See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992).

The defendant and the victim were both at a party when the victim started arguing with a woman.  The defendant intervened and ended up arguing with the victim.  The victim walked away, but the defendant went up behind him and broke a beer bottle over his head.  The two separated, but a few minutes later they started fistfighting and wrestling on the ground.  No weapons were involved as the victim got the defendant on the ground and began winning the fight.  While the victim was on top, the defendant unexpectedly pulled a switchblade and stabbed the victim five times.  The victim received wounds to his arm, ribs, and back.  The defendant admitted stabbing the victim and putting the knife under a pickup truck.  The defendant says that he was in fear of the victim and acted in self-defense when the victim started the second fight.  Defense witnesses corroborate his claim.

"Whether or not an accused acted with malice is generally a question of fact and may be proved by circumstantial evidence."  Canipe v. Commonwealth, 25 Va. App. 629, 642, 491 S.E.2d 747, 753 (1997).  "Implied malice may be inferred from 'conduct likely to cause death or great bodily harm, wilfully or purposefully undertaken.'"  Id. (quoting Essex v. Commonwealth,

228 Va. 273, 281, 322 S.E.2d 216, 220 (1984)).  Furthermore, "[m]alice may be inferred 'from the deliberate use of a deadly weapon.'"  Doss v. Commonwealth, 23 Va. App. 679, 686, 479 S.E.2d 92, 96 (1996) (quoting Perricllia v. Commonwealth, 229 Va. 85, 91, 326 S.E.2d 679, 683 (1985)).

The defendant argues that the evidence was insufficient to support a finding of malice because evidence showed he acted in self-defense during mutual combat.  He contends that after he struck the victim in the head with a bottle, the victim resumed the fight and he stabbed the victim while provoked by fear.  "The trier of fact is free to disregard the defendant's evidence of self defense . . . ."  See Bell v. Commonwealth, 2 Va. App. 48, 56, 341 S.E.2d 654, 658 (1986).  "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt."  Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

The trial court determined that the fight was a fistfight, that the victim was unarmed, and that the victim was "getting the better of the Defendant."  The court found that the defendant's use of a deadly weapon to stab the victim five times was sufficient to establish malice, even though the fight was "a mutual fray situation."

_

The fact finder alone determines the credibility of witnesses, the weight accorded their testimony, and the inferences to be drawn from proven facts.  See <u>Sandoval v. Commonwealth</u>, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The fact finder is free to believe and disbelieve in part or in whole the testimony of any witness.  See <u>Rollston v. Commonwealth</u>, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).

We conclude that there is sufficient evidence to support the finding of malice, and we affirm the conviction.

<u>Affirmed</u>.