Richmond

WALTER LEE RIDLEY

v.

COMMONWEALTH OF VIRGINIA

March 2, 1979.

Record No. 780768.

Present: All the Justices.

William L. Perkins, III (Sacks and Sacks, on brief), for appellant.

Robert H. Herring, Jr., Assistant Attorney General (Marshall Coleman, Attorney General, on brief), for appellee.

I'ANSON, C.J., delivered the opinion of the Court.

Walter Lee Ridley, the defendant, was charged in an indictment with breaking and entering in the nighttime the storehouse of Home Furniture Company with intent to commit larceny*. Defendant waived trial by jury, was found guilty as charged by the court, and was sentenced to seven years in the penitentiary, with four years suspended.

The defendant contends that the evidence was insufficient to prove that the breaking and entering of the storehouse was with the specific intent to commit larceny. He argues that the Commonwealth failed to present any evidence of specific intent.

The evidence shows that on November 25, 1977 at approximately 9:30 p.m., units from the Norfolk Police Department responded to a silent burglar alarm at the Home Furniture Company. Upon arrival, the police officers found that a plate glass window on the north side of the building had been broken. The hole was large enough for a man to walk through. The window apparently had been broken by a large piece of cinder block which was found embedded in a stereo displayed just inside the broken window. The owner of the business arrived shortly thereafter and unlocked the door to the main entrance of the building so the

---

* Code § 18.2-91.

officers and a police dog could enter. Defendant was found in the southwest corner of the building. When apprehended, defendant did not have in his possession any of the store's merchandise, and there was no indication that any merchandise had been tampered with or moved.

The company's president testified that the building had been secured at the close of business on the night of the breaking and that no one had been given permission to enter the premises.

At the conclusion of the Commonwealth's evidence, defendant moved the court to strike the evidence. The motion was overruled, and the defendant presented no evidence.

■ Code § 18.2-91 provides, in pertinent part, that if any person enter a storehouse in the nighttime "with intent to commit larceny, or any felony other than murder, rape or robbery, he shall be deemed guilty of statutory burglary; . . . "

It is elementary that where, as here, the statute makes an offense consist of an act combined with a particular intent, proof of such intent is as necessary as proof of the act itself and must be established as a matter of fact. *Patterson v. Commonwealth*, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975); *Dixon v. Commonwealth*, 197 Va. 380, 382, 89 S.E.2d 344, 345 (1955).

■ Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case. The state of mind of an alleged offender may be shown by his acts and conduct. *Hargrave v. Commonwealth*, 214 Va. 436, 437, 201 S.E.2d 597, 598 (1974); *Johnson v. Commonwealth*, 209 Va. 291, 295, 163 S.E.2d 570, 574 (1968).

■ In *Tompkins v. Commonwealth*, 212 Va. 460, 461, 184 S.E.2d 767, 768 (1971), the defendant was convicted of breaking and entering a dwelling house in the nighttime with intent to commit murder. There, we said that when an unlawful entry is made into a dwelling of another, the presumption is that the entry was made for an unlawful purpose, and the specific intent with which such entry was made may be inferred from the surrounding facts and circumstances. This same principle is equally applicable to breaking and entering a storehouse in the nighttime with intent to commit larceny.

The rule, as applied in most jurisdictions, is that in a prosecution of burglary with intent to commit larceny, the state must prove the specific intent to steal beyond a reasonable doubt, although it may and frequently must prove such intent by the facts and circum-

stances. In the absence of evidence showing a contrary intent, the trier of fact may infer that a defendant's unauthorized presence in a house or building of another in the nighttime was with intent to commit larceny. *Massey* v. *United States*, 320 A.2d 296, 300 (D.C. 1974); *Garcia* v. *People*, 172 Colo. 329, 473 P.2d 169 (1970); *People* v. *Davis*, 54 Ill. App. 3d 517, 523, 369 N.E.2d 1376, 1382 (1977); *State* v. *Clay*, 213 N.W.2d 473 (Iowa 1973); *Commonwealth* v. *Wygrzywalski*, 362 Mass. 790, 792, 291 N.E.2d 401, 402 (1973); 13 Am. Jur. 2d *Burglary* § 52, at 352-53 (1964); 12 C.J.S. *Burglary* § 55, at 732 (1938).

In the present case, the evidence warranted an inference that defendant's unauthorized presence in the furniture store in the nighttime was with the specific intent to commit larceny. An ordinary mind will take cognizance of the fact that people do not break and enter a closed store containing personal property in the nighttime with innocent intent. Where there is no explanation or evidence of a different intent, as here, the intelligent mind will infer that entry was with the intent to steal property in the store.

We hold that the evidence was sufficient to prove beyond a reasonable doubt that the defendant broke and entered the Home Furniture Store building with the specific intent to commit larceny. Thus, the conviction will be

*Affirmed.*