455 S.E.2d 730

**Paulino DeJesus SANDOVAL**

v.

**COMMONWEALTH of Virginia.**

**Record No. 1516–93–1.**

Court of Appeals of Virginia,
Norfolk.

April 4, 1995.

Elder, J., filed opinion concurring in part, and dissenting in part.

John Anton, Williamsburg (Reese & Anton, on brief), for appellant.

Eugene Murphy, Asst. Atty. Gen. (James S. Gilmore, III, Atty. Gen., on brief), for appellee.

Present: JOSEPH E. BAKER, WILLIS and ELDER, JJ.

BAKER, Judge.

Paulino DeJesus Sandoval (appellant) appeals from his bench trial convictions by the Circuit Court of Gloucester County (trial court) for breaking and entering with the intent to commit larceny, Code § 18.2–91, and of credit card theft, Code § 18.2–192. He contends that the evidence was insufficient to prove that he was guilty of either charge.

■ Where the issue is whether the evidence is sufficient, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. *Higginbotham v. Commonwealth,* 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

On February 12, 1993, a viable credit card, a viable ATM card, a knife, and a hat belonging to William A. Tucker (Tucker) were stolen from Tucker's van. On February 15, 1993, Shirley Ing (Ing) discovered that someone had broken into her Gloucester County farmhouse that was being renovated. Insulation had been removed from a second-floor wall and appeared to have been used for sleep covering. Motor oil had been removed from a lawn mower, the dipstick found stuck in

some Styrofoam, and a fire had been built on a patio table turned upside down on the living room floor.

At Ing's request, local Virginia State Police Officer E.L. Heptinstall (Heptinstall) agreed to keep watch over the house. On February 23, 1993, Heptinstall went to the farmhouse and found that it had again been broken into and discovered appellant inside. Appellant had in his possession the items that had been stolen from Tucker's van and, in addition, he possessed two pistols.

## I. Credit and ATM Cards

■ Appellant contends that he was indicted only for being in possession of stolen credit cards and that the proof in support of the indictment was limited to evidence that the cards were stolen. He argues that in *Cheatham v. Commonwealth*, 215 Va. 286, 208 S.E.2d 760 (1974), the Supreme Court held that mere proof of possession of a recently stolen credit card is insufficient to support a conviction for "credit card theft" under Code § 18.2–192. He further contends that principle was affirmed in *Wilder v. Commonwealth*, 217 Va. 145, 225 S.E.2d 411 (1976).

We agree that *Cheatham* and *Wilder* support an argument that where only possession of the stolen card is charged or proved, a conviction under Code § 18.2–192 will be overturned. In *Cheatham*, the only evidence connecting the defendant to the theft was that he found the card and it was in his possession. In *Wilder*, the only charge against the accused was that he had "in his possession two or more cards belonging to Mrs. John W. Cowan." *Id.* at 146, 225 S.E.2d at 412. The Supreme Court said "a charge of mere possession of a stolen credit card is not sufficient to state the offense of *credit card theft.*" *Id.* at 147, 225 S.E.2d at 413. In each case, the charge and proof were limited to mere possession. Those cases are inapposite here.

Appellant was charged in an indictment that provided: On or about February 12, 1993, in the County of Gloucester, Virginia, [appellant] did unlawfully and feloniously engage

in credit card theft by, without the consent of the cardhold-
er, *taking* and withholding two cards, namely a VISA and a
Bank Card, the property of William A. Tucker.

Va.Code Sec. 18.2–192.

(Emphasis added.)  Thus, appellant was charged with "taking"
and "possessing" the cards.  Here, the proof of guilt was more
than mere possession.  In addition to the evidence that appel-
lant was found in possession of the two cards stolen from
Tucker's van, he also was shown to be in possession of the hat
and knife which were stolen at the same time and place.
Under the facts contained in this record, the fact finder could
reasonably have rejected appellant's explanation and reason-
ably inferred that appellant was the thief who unlawfully *took*
the credit cards.  *See Fout v. Commonwealth,* 199 Va. 184,
190–91, 98 S.E.2d 817, 821–22 (1957);  *Hope v. Commonwealth,*
10 Va.App. 381, 385, 392 S.E.2d 830, 833 (1990) (en banc).

## II.  Breaking and Entering/Intent to Steal

Appellant concedes that he had unlawfully entered the
farmhouse.  He denies that his entry was with intent to steal
as charged in the indictment and argues that the evidence fails
to support that charge.  We disagree.

The record discloses that on February 15, 1993, Ing
discovered that someone had broken into her farmhouse.  She
repaired the damage caused by the initial breaking and se-
cured the premises.  She boarded the windows and closed the
doors.  Thereafter, appellant, without Ing's permission,
opened the back door and entered the premises.  When
discovered on the premises, he possessed two pistols and the
stolen items from the van, which permitted the inference that
he was the thief.

Intent is the purpose formed in a person's mind
which may, and often must, be inferred from the facts and
circumstances in a particular case.  *Ridley v. Commonwealth,*
219 Va. 834, 836, 252 S.E.2d 313, 314 (1979).  The state of
mind of an accused may be shown by his acts and conduct.
*Hargrave v. Commonwealth,* 214 Va. 436, 437, 201 S.E.2d 597,

598 (1974); *Johnson v. Commonwealth,* 209 Va. 291, 295, 163 S.E.2d 570, 574 (1968). When an unlawful entry is made into a dwelling of another, the presumption is that the entry was made for an unlawful purpose, and the specific intent with which such entry was made may be inferred from the sur- rounding facts and circumstances. *Tompkins v. Common- wealth,* 212 Va. 460, 461, 184 S.E.2d 767, 768 (1971). In the absence of evidence showing a contrary intent, the trier of fact may infer that a person's unauthorized presence in another's house was with the intent to commit larceny. *Ridley,* 219 Va. at 837, 252 S.E.2d at 315.

Appellant's assertion that he was a mere "squatter" in the farmhouse is not controlling. His assertion was squarely before the trier of fact to be considered along with the presumption of his intent created by his unlawful entry into the dwelling of another. The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented. *Schneider v. Commonwealth,* 230 Va. 379, 382, 337 S.E.2d 735, 736–37 (1985); *Carter v. Com- monwealth,* 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982).

For the reasons stated, we hold that the evidence is suffi- cient to support both convictions and, accordingly, the judg- ments of the trial court are affirmed.

*Affirmed.*

ELDER, Judge, concurring in part and dissenting in part.

I concur in part in the majority's opinion ruling regarding the credit card thefts. I dissent from the ruling regarding appellant's conviction for breaking and entering with the intent to commit larceny.

## I.

### Credit and ATM Cards

I agree that credible evidence supports the trial court's decision that appellant committed credit card theft in violation

of Code § 18.2–192. I also agree with the majority's analysis of *Cheatham v. Commonwealth*, 215 Va. 286, 288, 208 S.E.2d 760, 762 (1974), and *Wilder v. Commonwealth*, 217 Va. 145, 225 S.E.2d 411 (1976). However, I write separately on this issue because I believe that *Sullivan v. Commonwealth*, 210 Va. 201, 169 S.E.2d 577 (1969), *cert. denied* 397 U.S. 998, 90 S.Ct. 1142, 25 L.Ed.2d 408 (1970), controls the disposition of this case. In *Sullivan*, the defendant was charged with burglary after he was found in possession of a credit card that was stolen almost three months earlier. In distinguishing *Cheatham* from *Sullivan*, the Supreme Court held as follows:

> [I]n *Sullivan* . . . the evidence warranted an inference that the breaking and entering and theft were committed at the same time by the same person and as a part of the same transaction, so that the exclusive possession of the recently stolen card . . . could properly give rise to the inference that the possessor [the defendant] had committed the burglary. [The Supreme Court] also held that recency of possession is an issue to be determined by the trier of fact.

*Cheatham v. Commonwealth*, 215 Va. at 288, 208 S.E.2d at 762.

The majority correctly states that *Cheatham* and *Wilder* are inapposite. This case differs from *Cheatham*, where the defendant was "charged with the statutory offense of credit card theft for withholding" the credit card from the true owner after it came into his possession. He was not charged with "taking" the credit card. *Id.* The mere "possession" of the stolen credit card was held insufficient to support a finding of credit card theft. Furthermore, in *Wilder*, the only charge against the accused was that he had in his "possession" two or more cards belonging to the true owner. The Supreme Court held that a charge of mere possession of a stolen credit card is not sufficient to state the offense of credit card "theft." *Wilder*, 217 Va. at 147, 225 S.E.2d at 413. Thus, in *Cheatham* and *Wilder*, the charge and proof were limited to mere possession, without a charge of taking.

In this case, appellant was not charged with mere "possession" or "withholding;" instead, he was charged with the

140

"taking" and "possession" of the credit cards, as in *Sullivan.* Furthermore, credible evidence supported the trial court's determination that because the credit cards were found on appellant's person eleven days after their theft, the taking element was satisfied (compared to the three month interval in *Sullivan,* which was also sufficient to support the defendant's conviction). Under the facts contained in this record, and following *Sullivan,* the trial court could reasonably have rejected appellant's explanation and reasonably infer that appellant was the thief who unlawfully *took* the credit cards in violation of Code § 18.2–192. *See Hope v. Commonwealth,* 10 Va.App. 381, 385, 392 S.E.2d 830, 833 (1990) (en banc).

## II.

### Breaking and Entering/Intent to Steal

I respectfully disagree with the majority and would hold that the evidence was insufficient to convict appellant of breaking and entering with the intent to commit larceny in violation of Code § 18.2–91. While appellant conceded that he unlawfully entered Ing's farmhouse, the evidence is insufficient to prove appellant's *specific intent to commit larceny.*

The majority correctly cites *Ridley v. Commonwealth,* 219 Va. 834, 252 S.E.2d 313 (1979), for the proposition that intent can be inferred from the facts and circumstances in a particular case. In *Ridley,* the Supreme Court affirmed the defendant's conviction for breaking and entering the storehouse of a furniture company with intent to commit larceny. The Court stated:

[A]n ordinary mind will take cognizance of the fact that people do not break and enter a closed store containing personal property in the nighttime with innocent intent. Where there is no explanation or evidence of a different intent, as here, the intelligent mind will infer that entry was with the intent to steal property in the store.

*Ridley,* 219 Va. at 837, 252 S.E.2d at 315.

The majority also cites *Hargrave v. Commonwealth,* 214 Va. 436, 437, 201 S.E.2d 597, 598 (1974), for the proposition that

the state of mind of an accused may be shown by his acts and conduct. However, the majority ignores the ample evidence in the record showing that appellant intended to use Ing's farmhouse strictly as a means of shelter. The Commonwealth did not challenge this assertion, and nothing in the record indicates an intent to commit larceny at the time of the breaking and entering. Evidence showed that appellant had been on the premises for at least eight days before his arrest, during which time he fashioned a make-shift bed from a roll of insulation. Evidence was also presented that appellant built at least one fire and that food had been prepared using pieces of furniture to substitute for a grill.

No evidence proved that any personal property was removed from the farmhouse and no evidence proved beyond a reasonable doubt that appellant took oil from Ing's lawn mower. The majority states that "[w]hen discovered on the premises, [appellant] possessed two pistols and the stolen items from the van, which permitted the inference that [appellant] was the thief." I fail to see how this statement has any bearing on the issue of whether appellant intended to commit larceny of personal property in Ing's farmhouse under the facts of this case. Assuming appellant stole the items from the van, generally evidence of other crimes is not considered to prove guilt of the crime for which the defendant is on trial. *Kirkpatrick v. Commonwealth,* 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970).

The surrounding facts and circumstances in this case provide credible evidence to support appellant's assertion that he was using Ing's farmhouse as a shelter. *See Tompkins v. Commonwealth,* 212 Va. 460, 461, 184 S.E.2d 767, 768 (1971). "Whenever the evidence leaves indifferent which of several hypotheses is true, or merely establishes only some finite probability in favor of one hypothesis, such evidence does not amount to proof beyond a reasonable doubt." *Maynard v. Commonwealth,* 10 Va.App. 15, 18, 389 S.E.2d 910, 912, *rev'd on reh'g en banc on other grounds,* 11 Va.App. 437, 399 S.E.2d 635 (1990).

Based on the foregoing reasons, I would affirm appellant's conviction for credit card theft but would reverse his conviction for breaking and entering with the intent to commit larceny.