COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Lemons
Argued at Norfolk, Virginia


CHARLIE DONALDSON

MEMORANDUM OPINION[*] BY
v.        Record No. 1956-97-1        JUDGE LARRY G. ELDER
                                      SEPTEMBER 22, 1998
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Benjamin A. Williams, Jr., Judge Designate

(Robert R. Aldinger, on brief), for
appellant.  Appellant submitting on brief.

Donald E. Jeffrey, III, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Charlie Donaldson (appellant) appeals his conviction of
statutory burglary in violation of Code § 18.2-91.  He challenges
the sufficiency of the evidence supporting his conviction.  For
the reasons that follow, we affirm.

When considering the sufficiency of the evidence on appeal
in a criminal case, this Court views the evidence in the light
most favorable to the Commonwealth, granting to it all reasonable
inferences fairly deducible therefrom.  See Higginbotham v.
Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

This case arose out of an incident between appellant and
Andrea Grewitt on April 12, 1996.  The evidence proved
appellant's relationship with Grewitt had deteriorated from one

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

of affection to one of acrimony. Appellant and Grewitt formerly engaged in a romantic relationship and had one child together. However, they ceased dating about one-and-one-half years before the incident in this case, and Grewitt "had [appellant] in court three or four times" about a legal matter the nature of which is not disclosed by the evidence. A few weeks before the incident, appellant asked Grewitt to "forget" the legal dispute between them.

On April 12 at about 3:00 p.m., appellant arrived at Grewitt's house. Appellant was wearing a cast on his foot at the time and walked with the assistance of a cane. When they met, appellant was on the porch outside the house, and Grewitt remained inside her front screen door. They proceeded to get into an "argument." Appellant was holding a "swiss army" pocketknife in one hand and "talking trash" to Grewitt. Grewitt testified that, during their exchange, appellant mentioned "his son either getting some shoes [or] picking up some money." The argument continued until appellant announced his desire to enter Grewitt's house and Grewitt informed appellant she was "getting ready to leave." When Grewitt attempted to close her front door, appellant pushed her aside and entered the house. Grewitt took appellant's cane from him, exited the house carrying the cane, and called the police from a nearby phone booth. Grewitt testified she did not give appellant permission to enter her home and did not want him to enter her home. Appellant was later

- 2 -

discovered by a police officer hiding in an upstairs closet

holding the pocketknife with the blade in the open position.

> The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide. However, whether a criminal conviction is supported by evidence sufficient to prove guilt beyond a reasonable doubt is not a question of fact but one of law.

Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601-02 (1986).

In order to convict appellant of the crime charged in the indictment, the Commonwealth had to prove that appellant broke and entered Grewitt's house "while armed with a deadly weapon, with intent to commit larceny, assault and battery, or any felony other than murder, rape or robbery."[1] On appeal, appellant concedes that he "broke and entered the victim's house" and does not argue that the Commonwealth failed to prove he was carrying a deadly weapon. Instead, his sole contention is that the

---

[1]Appellant was charged with violating Code § 18.2-91, which stated at the time he was indicted:

> If any person commits any of the acts mentioned in § 18.2-90 with intent to commit larceny, or any felony other than murder, rape or robbery, or if any person commits any of the acts mentioned in § 18.2-89 or § 18.2-90 with intent to commit assault and battery, he shall be guilty of statutory burglary . . . .

The acts mentioned in Code § 18.2-90 include "in the nighttime enter[ing] without breaking or in the daytime break[ing] and enter[ing] or enter[ing] and conceal[ing] [one]self in a dwelling house."

Commonwealth failed to prove he had formed a specific intent to commit either larceny, assault and battery, or a felony other than murder, rape or robbery when he entered Grewitt's house.

> It is elementary that where, as here, the statute makes an offense consist of an act combined with a particular intent, proof of such intent is as necessary as proof of the act itself and must be established as a matter of fact.
>
> Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case. The state of mind of an alleged offender may be shown by his acts and conduct.

Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979) (citations omitted).

In a prosecution under Code § 18.2-91, proof that the accused made an unlawful entry into the dwelling of another supports the reasonable inference that the entry was made for an unlawful purpose. See Black v. Commonwealth, 222 Va. 838, 840, 284 S.E.2d 608, 609 (1981) (quoting Tomkins v. Commonwealth, 212 Va. 460, 461, 184 S.E.2d 767, 768 (1971)). The specific intent with which an unlawful entry is made may be inferred from the surrounding facts and circumstances. See Scott v. Commonwealth, 228 Va. 519, 524, 323 S.E.2d 572, 575 (1984) (citing Tomkins, 212 Va. at 461, 184 S.E.2d at 768). "The fact finder may draw reasonable inferences from the evidence that the perpetrator intended to commit one felony rather than another." Black, 222 Va. at 841, 284 S.E.2d at 609; see also Scott, 228 Va. at 524,

323 S.E.2d at 768.

We hold that the evidence was sufficient to prove beyond a reasonable doubt that appellant specifically intended to assault Grewitt with the "swiss army" pocketknife when he broke and entered her house. Appellant's unlawful entry into Grewitt's house supports the inference that he entered with an unlawful purpose. The circumstances surrounding his unlawful entry support the inference that his intent at the time was to assault Grewitt. The trial court reasonably could have inferred that appellant was angry at Grewitt from the fact appellant was arguing with and "talking trash" to Grewitt moments before his unlawful entry and from the fact their recent relationship had been adversarial and litigious. The fact appellant displayed a pocketknife in his hand while arguing with Grewitt and forced his way into her home as soon as she attempted to end their encounter supports the inference that he had formed the intent to physically harm her with the pocketknife.

Although appellant testified his sole intent when he entered the house was to look for his son, the trial court apparently rejected his account. "The fact finder need not believe the accused's explanation and may infer that he is trying to conceal his guilt." Black, 222 Va. at 842, 284 S.E.2d at 610. As such, for the purposes of appellate review, this rejected testimony does not support any reasonable hypothesis of innocence.

For the foregoing reasons, we affirm the conviction.

<u>Affirmed</u>.