COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia


RICHARD ARNOLD LEE

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1170-98-4          JUDGE JERE M. H. WILLIS, JR.
                                          JUNE 22, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      J. Howe Brown, Judge

          David A. Hirsch (James J. Ishee; Mendelsohn &
          Ishee, P.C., on brief), for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     On appeal from his convictions of three counts of credit

card theft, in violation of Code § 18.2-192, Richard Arnold Lee

contends that the evidence was insufficient because it did not

prove that he intended to use the credit cards.  We disagree and

affirm the judgment of the trial court.

     On November 14, 1997, Fairfax County police were dispatched

to a Sneaker Stadium store to investigate a report of a bad

check.  Officer Paul Alexander found Lee and another man in the

store.  Both were dressed as women while attempting to write the

bad check.  Lee agreed to accompany Officer Alexander for

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

questioning. Officer Brian Cooke searched the parking lot for the men's vehicle and found a vehicle bearing improper license plates. He seized a checkbook and wallet from the car. The checkbook belonged to Tracy Wormley, and the wallet contained several credit cards in her name, as well as an identification card with her name and correct personal information, but with a picture of Lee wearing a long wig and lipstick. Ms. Wormley testified that she had given no one, particularly Lee, permission to take or withhold the credit cards. Lee had the identification card made. Lee admitted that he drove the car to the store.

Lee was charged in an indictment, each count of which provided, in relevant part:

> On or about the 14th day of November, 1997, . . . Richard Arnold Lee did take, obtain, or withhold [a described credit card] . . . without the cardholder's consent, and with the intent to use it.

See Code § 18.2-192. The trial court found him guilty of three counts of credit card theft, in violation of Code § 18.2-192.

Lee contends that the evidence was insufficient to support his conviction, because it did not prove that he held the cards without Wormley's consent and with the intent to use them. We disagree.

> Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible

-

> therefrom.  We should affirm the judgment
> unless it appears from the evidence that the
> judgment is plainly wrong or without
> evidence to support it.

Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Lee admitted that he drove the vehicle in which Wormley's checkbook and credit cards were found.  He had obtained and kept the credit cards for approximately two months.  He had obtained the false identification card, had used one of Wormley's checks, and had used her identity to apply for other credit cards.  At the time of his arrest, he and another man, dressed as women, were attempting to write another bad check.  "Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case. The state of mind of an accused may be shown by his acts and conduct."  Sandoval v. Commonwealth, 20 Va. App. 133, 137, 455 S.E.2d 730, 732 (1995) (citations omitted).  The evidence supports the trial court's conclusion that Lee intended to use the cards.

The judgment of the trial court is affirmed.

Affirmed.

-