COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Bumgardner
Argued by teleconference


TYRUS LAMON MAYO

                                    MEMORANDUM OPINION* BY
v.    Record No. 0213-01-3    JUDGE RUDOLPH BUMGARDNER, III
                                       DECEMBER 18, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                    James F. Ingram, Judge

            Lawrence D. Gott, Public Defender (Office of
            the Public Defender, on brief), for
            appellant.

            Donald E. Jeffrey, III, Assistant Attorney
            General (Randolph A. Beales, Attorney
            General, on brief), for appellee.


     The trial court convicted Tyrus Lamon Mayo of possession of

a firearm after being convicted of a felony in violation of Code

§ 18.2-308.2(A).  He contends the trial court erred in denying

his motion to suppress.  Finding no error, we affirm.

     On appeal from the denial of a motion to suppress, the

defendant must show that the ruling, when the evidence is

considered most favorably to the Commonwealth, constituted

reversible error.  McGee v. Commonwealth, 25 Va. App. 193, 197,

487 S.E.2d 259, 261 (1997) (en banc).  While we are bound to

review de novo the ultimate questions of reasonable suspicion

─────────────
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

and probable cause, we "review findings of historical fact only for clear error, and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers."  Ornelas v. United States, 517 U.S. 690, 699 (1996).

Because of a series of recent break-ins, Police Officers Eric Ellis and Charles Reid were ordered to watch Midtown Market and Holbrook Exxon in Danville.  At approximately 11:30 p.m., they heard banging coming from the Holbrook Exxon area.  Ellis observed two men and believed one of them might be "trying to break into the pay phone."  The officers drove up to the defendant and asked what he was doing.  The defendant replied, "he was banging on the phone to get his quarter back."  Reid asked the defendant "if he had any guns, knives, drugs or anything [on him] and he said, 'No.'"  When Reid asked the defendant "if he minded if I search," the defendant replied, "Sure, go ahead."  Before Reid started the search, the defendant told him he had a gun in his pocket.

The defendant denied he consented to the search.  He testified that when the officer asked for permission to search, he replied, "No."

The issue is one of credibility.  As the defendant argued to the trial court, "it's a factual question, one of credibility."  The trial court believed the testimony of the officers and did not believe the defendant's account.  "The credibility of the witnesses and the weight accorded the

-

evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citations omitted).  Nothing suggests the Commonwealth's evidence was incredible as a matter of law. Accordingly, we defer to the trial court's determination of credibility and weight, and affirm its denial of the motion to suppress.

                                                    Affirmed.

                                    -