COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Bumgardner and Kelsey
Argued at Alexandria, Virginia


JODIE MICHELLE ACHESON

                                                MEMORANDUM OPINION* BY
v.         Record No. 1706-03-4            JUDGE RUDOLPH BUMGARDNER, III
                                                    NOVEMBER 16, 2004
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                              John E. Kloch, Judge

             Teresa E. McGarrity, Assistant Public Defender (Office of the Public
             Defender, on briefs), for appellant.

             Eugene Murphy, Assistant Attorney General (Jerry W. Kilgore,
             Attorney General, on brief), for appellee.


        A jury convicted Jodie Michelle Acheson of driving under the influence, third offense,

Code § 18.2-266, and driving on a suspended license, Code § 46.2-301.  She contends the trial

court erred in admitting the certificate of analysis from her blood alcohol test and in finding the

evidence sufficient to prove she drove while under the influence.  Finding no error, we affirm.

        We view the evidence and all reasonable inferences fairly deducible therefrom in the

light most favorable to the Commonwealth.  Jackson v. Commonwealth, 267 Va. 178, 204, 590

S.E.2d 520, 535 (2004).  Phillip Decroix struck the defendant's car when he failed to yield the

right of way at an intersection.  Decroix called the police over the defendant's objection because

she did not have a driver's license and did not know if her car was insured.  Decroix heard the

defendant yell, "I swear, I'm going to go to jail."  They waited for the police inside their

respective vehicles.  Decroix did not see the defendant leave the car, though he periodically

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

checked to make sure she was still there. The accident occurred about 5:00 p.m., and the first police officer arrived approximately 5:05 p.m.

When Officer Daniel Briel arrived, the defendant was upset and crying, and told him her license was suspended. The officer noted the defendant swayed slightly from side to side, her eyes were bloodshot, and her face was flushed. When a second officer, Officer Betty Sixsmith, arrived about 5:20 p.m., the defendant was sitting in the passenger seat and crying hysterically. She tripped on the curb when she tried to stand and fell onto the hood of her car. She staggered as she crossed the street to the police car. Officer Sixsmith smelled a strong odor of alcohol on the defendant's breath and noticed that her eyes were bloodshot and that her face was flushed. The defendant became combative, refused field sobriety tests, and had to be handcuffed.

The defendant told the officer she had walked to a store, purchased a 32-ounce beer, and consumed it after the accident. She later admitted she had been drinking all day and had a drinking problem but had taken a break before driving. The police recovered a nearly empty 32-ounce bottle of beer from the defendant's car. It was under newspapers and trash on the floorboard of the passenger side of the car. The defendant submitted to a breath test, which reflected a blood alcohol content of .22.

The defendant contends the trial court erred in admitting the certificate of analysis because she testified that she drank alcohol after the accident. The defendant points to no requirement of Code § 19.2-187 that the Commonwealth did not meet. The statute does not require a preliminary finding of fact that no alcohol was consumed between the driving and the test. The trial court properly admitted the certificate.

Once admitted, the certificate raised the presumption that the defendant was under the influence of alcohol at the time of the accident.[1] Evidence that the defendant drank after driving but before the test rebuts the presumption. Jackson v. City of Roanoke, 210 Va. 659, 662, 173 S.E.2d 836, 838 (1970). The trial court ruled the credible evidence was insufficient to prove as a matter of law that the defendant drank after the accident. It submitted the issue to the jury, which resolved it against the defendant.

Whether the defendant drank after the accident was disputed. The defendant claimed she went to a nearby store, purchased the beer, and consumed almost 32 ounces before the police arrived. The Commonwealth's evidence established that the police arrived in about five minutes and that the defendant stayed in her car and did not leave the accident scene before they arrived. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear the evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

The jury was entitled to discredit the defendant's evidence that she drank after the accident. When it did so, the Commonwealth could rely on the presumption in addition to its other evidence that the defendant was under the influence at the time of the accident. As in Jackson, 210 Va. at 662-63, 173 S.E.2d at 838-39, the defendant's evidence failed to refute the presumption, and the presumption combined with the other evidence was sufficient to sustain the conviction. Accordingly, we affirm the conviction.

Affirmed.

---

[1] Code § 18.2-269(3):

> If there was at that time 0.08 percent or more by weight by volume of alcohol in the accused's blood or 0.08 grams or more per 210 liters of the accused's breath, it shall be presumed that the accused was under the influence of alcohol intoxicants at the time of the alleged offense.