COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Haley and Petty
Argued by teleconference


JAVIER AMILCAR VELASQUEZ

                                                      MEMORANDUM OPINION* BY
v.        Record No. 1648-06-4                    JUDGE JAMES W. HALEY, JR.
                                                        AUGUST 21, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

Michael F. Devine (Devine, Connell & Sheldon, on brief), for
appellant.

Eugene Murphy, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Indicted for rape, pursuant to Code § 18.2-61, and breaking and entering with the intent

to commit rape, pursuant to Code § 18.2-90, and convicted only of the former, Javier Amilcar

Velasquez ("appellant") maintains the grant of the following instruction constituted non-

harmless error:  "INSTRUCTION NO. 13:  In the absence of evidence showing a contrary intent,

you may infer that a defendant's unauthorized presence in a building of another was with the

intent to commit rape."

STATEMENT OF FACTS

The facts are undisputed.

The victim testified that she was at home on October 7, 2005 when a Hispanic man

entered through a sliding glass door, raped her, and left ten or fifteen minutes later.  She stated

that he had been wearing gloves, one of which was recovered by police at the scene.  The victim

_____
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

was subsequently taken to the hospital where she was examined and later questioned by Detective George Barlow, a Fairfax County police officer. She identified appellant as her assailant.

Lisa Gorham, a Sexual Assault Nurse Examiner (SANE), testified that she had examined the victim on the night of her assault, and related her observations of blunt force trauma to the victim's vaginal area. As a result of her examination she also collected a Physical Evidence Recovery Kit (PERK) that included collection of DNA evidence from "swabs of her mouth and lip area . . . an oral rinse . . . swabs from the external genitalia . . . [and] evidence from her thigh, which she indicated might be a place where she may have had contact with seminal fluid." Introduced in evidence were photographs she took of the victim's injuries.

Detective Barlow, who was responsible for conducting the investigation of the victim's rape report, testified that he and another officer, Officer Carlos Lama, interviewed the appellant on October 25, 2005. Officer Lama served as an interpreter for the purposes of this interview. Appellant initially denied involvement with the rape but agreed to provide a buccal swab for DNA. After showing him a picture of a glove recovered from the scene of the rape, appellant ultimately admitted raping the victim and gave a lengthy confession to the detective. Detective Barlow testified:

> [H]e said that he wanted to repent – that he was very sorry for what he did, and offered the reason why he did that was that he was drunk, he had ingested some cocaine and some marijuana throughout the day, and that he did, in fact go down behind the row of townhouses to my victim's townhouse, found the back gate unlocked.
> He further stated that he went in through that gate. He was wearing gloves, and I think they were called construction type gloves. They were tan and orange rubber on the palms.
> He went in, found the sliding glass door open. He entered the sliding glass door and met [the victim] as she stood up from her bed.

> I asked him what he did then. He said he pushed her down on the bed and removed her pants. . . . And he did admit to inserting his penis into her vagina.

Appellant then wrote a letter, in Spanish, apologizing to the victim.

Nathan Himes, a forensic scientist with the Virginia State Crime Laboratory system, testified that he compared the unknown DNA samples recovered from the victim to samples contributed by both the victim and the appellant. As a result of this comparison, he was "unable to eliminate [appellant] as being a contributor to that DNA profile." He went on to explain that statistical analysis makes this profile unique among the world's population, effectively eliminating the possibility that it came from any other person.

At the conclusion of all evidence the trial court considered the instructions of law to be offered to the jury. On Jury Instruction No. 13, the following colloquy took place between the court, appellant's attorney (Mr. Gruel), and the Commonwealth's attorney (Ms. Sands):

| | |
|---|---|
| MR. GRUEL: | Strongly object to Number 13. It's very prejudicial, Your Honor. |
| THE COURT: | . . . Number 13; what does this come from? |
| MS. SANDS: | It's a Model Jury Instruction, Your Honor; specifically - - |
| THE COURT: | Which one? |
| MS. SANDS: | -- 12.510 at Page 351. |
| THE COURT: | All right. Thank you. |
| MS. SANDS: | It's in the Models for burglary, Your Honor. |
| THE COURT: | Thank you. All right. What's your objection to this? |
| MR. GRUEL: | Well, it is extremely prejudicial, and there is no way that "in the absence of evidence showing contrary intent, you may infer that a Defendant's unauthorized presence in a building of another was with the intent to commit rape." |
| | It makes no sense whatsoever that such a general statement in this specific context could be a jury instruction, Your Honor. |
| THE COURT: | It's actually a Model Jury Instruction. |

- 3 -

```
MR. GRUEL:          We object most strongly for the prejudicial
                    effect of it.
THE COURT:          All right.  I will grant 13.
```

## STANDARD OF REVIEW

On appeal, the Court's "sole responsibility in reviewing [jury instructions] is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises." Swisher v. Swisher, 223 Va. 499, 503, 90 S.E.2d 856, 858 (1982). "[I]nstructions should relate to the specific evidence of the case [rather than state] abstract propositions of law [which] do little to help and much to mystify a jury." Terry v. Commonwealth, 5 Va. App. 167, 170, 360 S.E.2d 880, 882 (1987). "Both the Commonwealth and the defendant are entitled to appropriate instructions to the jury of the law applicable to each version of the case, provided such instructions are based upon the evidence adduced." Stewart v. Commonwealth, 10 Va. App. 563, 570, 394 S.E.2d 509, 514 (1990) (citation omitted).

## ANALYSIS

Appellant objected to the instruction stating that he felt the instruction was "extremely prejudicial" and that "[i]t makes no sense whatsoever that such a general statement in this specific context could be a jury instruction." As a result, this Court first considers whether Jury Instruction No. 13 constitutes an accurate statement of the applicable law in this case.

Jury Instruction No. 13 is derived from Virginia Model Jury Instruction No. 12.510 stating, "In the absence of evidence showing a contrary intent, you may infer that a defendant's unauthorized presence in a building of another was with the intent to commit *larceny*." (Emphasis added).

In Tompkins v. Commonwealth, 212 Va. 460, 184 S.E.2d 767 (1971), the defendant was convicted of breaking and entering with intent to murder. He challenged an instruction stating in part, "[T]he presumption is that the entry was made for an unlawful purpose and the purpose

- 4 -

may be inferred from the surrounding facts and circumstances." Id. at 461, 184 S.E.2d at 768.

He maintained the instruction "improperly permitted the jury to presume the required intent from

the mere fact of his unlawful entry, and thus relieved the Commonwealth of its burden of proof."

Id.

The Virginia Supreme Court responded:

> We do not agree. We think it is a proper principle of law that
> when an unlawful entry is made into a dwelling, the presumption is
> that the entry was made for an unlawful purpose. And we think it
> likewise correct that the specific purpose, meaning specific intent,
> with which such an entry is made may be inferred from the
> surrounding facts and circumstances.

Id.

Here, appellant raises in his question presented the same objection to an instruction as did

the defendant in Tompkins. Specifically, "Did the trial court err in instructing the jury that they

may infer an intent to rape from Velasquez's unauthorized presence in the complainant's home?"

The Supreme Court of Virginia has repeatedly cited Tompkins for the "proper principle

of law" quoted above. See Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314

(1979); Black v. Commonwealth, 222 Va. 838, 840, 284 S.E.2d 608, 609 (1981); Scott v.

Commonwealth, 228 Va. 519, 524, 323 S.E.2d 572, 575 (1984). This Court has done likewise.

See Hucks v. Commonwealth, 33 Va. App. 168, 175, 531 S.E.2d 658, 661 (2000); Sandoval v.

Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995); Jones v. Commonwealth, 3

Va. App. 295, 299, 349 S.E.2d 414, 417 (1986).

That being said, we note that appellant was found not guilty of breaking and entering

with the intent to rape; he was only convicted of rape. The jury was properly instructed, without

objection, as to the elements of the crime of rape, a crime that does not require a specific intent.

"It is the duty of the jury to consider the instructions as a whole and in light of the evidence

applicable to the issues presented." Rollston v. Commonwealth, 11 Va. App. 535, 541, 399

S.E.2d 823, 826 (1991).  See also Bowman v. Commonwealth, 174 Va. 461, 465, 5 S.E.2d 497, 499 (1939) (stating that instructions must be read and considered together).  In short, an instruction to a jury may not be challenged on appeal as if given in a vacuum.  Rather, it is to be considered in the context of other instructions and the evidence, which may support all instructions.  That evidence, of course, includes the presumptions and inferences that flow from "the surrounding facts and circumstances" referred to in Tompkins.

In this case, the surrounding facts and circumstances subsequent to appellant's unlawful entry prove that appellant raped the victim.  The sufficiency of this evidence is not challenged in this appeal.  This Court stated in Walker v. Commonwealth, 47 Va. App. 114, 622 S.E.2d 282 (2005), "It is entirely 'permissible to infer . . . that every person intends the natural and probable consequences of his or her acts.'"  Id. at 121, 622 S.E.2d at 286 (quoting Schmitt v. Commonwealth, 262 Va. 127, 145, 547 S.E.2d 186, 198 (2001)).  Thus, the inference referred to in Jury Instruction No. 13 is justified by the rape itself.

In addition, we note that Jury Instruction No. 13 includes the phrase, "[i]n the absence of evidence to the contrary, you may infer."  Any inference or presumption as to intent is rebuttable, but stands absent contrary evidence.  Here again, the rape itself demonstrates the intent.

We find no substantive distinction between the instruction challenged in Tompkins and Jury Instruction No. 13, nor in the arguments challenging the propriety of each.  Given the surrounding facts and circumstances, and within the context of other instructions given, we find Jury Instruction No. 13 recites "a proper principle of law."  Tompkins, 212 Va. at 461, 184 S.E.2d at 768.  Accordingly, the trial court did not err in granting it.

Finally, the Commonwealth on brief maintains that, if Jury Instruction No. 13 was in error, it was harmless.  Finding no error in the trial court's granting of this instruction, we need

not address whether that error was harmless.  Walshaw v. Commonwealth, 44 Va. App. 103, 121, 603 S.E.2d 633, 642 (2004).

Affirmed.

Petty, J.,concurring.

While I concur in the result reached by the majority, I write separately because I am unable to agree that the jury instruction at issue was proper. With the exception of larceny, neither our Supreme Court nor this Court has approved an instruction allowing a jury to infer the intent to commit a specific crime solely from a defendant's unlawful entry into a dwelling. See Ridley v. Commonwealth, 219 Va. 834, 252 S.E.2d 313 (1979). Rather, in cases of burglary involving an intent to commit an offense other than larceny, our Supreme Court has held that "the specific purpose, meaning specific intent, with which [an unlawful] entry is made *may be inferred from the surrounding facts and circumstances*." Tompkins v. Commonwealth, 212 Va. 460, 461, 184 S.E.2d 767, 768 (1971) (involving intent to commit murder ) (emphasis added). Because the instruction given by the trial court allowed the jury to infer appellant's intent to commit rape from his unlawful entry rather than from the circumstances surrounding that entry, I believe the instruction was improper.

That having been said, the appellant was acquitted of burglary, the only specific intent crime for which he was charged and the only offense to which Instruction 13 applied.[1] Accordingly, I would hold that the giving of Instruction 13 was harmless. Code § 8.01-678. Therefore, I concur in the result reached by the majority.

---

[1] Appellant makes the argument that the instruction was relevant to the charge of rape because it allowed the jury to infer appellant's "intent forcibly to overcome the victim's will from his mere unauthorized presence in [her] home." Even were we to accept that argument, the victim's testimony that she was raped, the identification of appellant's DNA on her vaginal swabs, and appellant's confession that he raped the victim leave little doubt to his intent.