COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, McClanahan and Haley
Argued at Richmond, Virginia

DARLOW MONTA YOUNG

                                              MEMORANDUM OPINION[*] BY

v.        Record No. 3064-08-2           JUDGE ELIZABETH A. McCLANAHAN
                                                   APRIL 27, 2010

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Beverly W. Snukals, Judge

Cassandra M. Hausrath, Assistant Public Defender, for appellant.

John W. Blanton, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.

Darlow Monta Young was convicted, in a bench trial, of robbery under Code § 18.2-58, and burglary under Code § 18.2-89. Young argues on appeal that the evidence was insufficient to support his convictions. For the following reasons, we reject Young's arguments and affirm the convictions.

I.

When reviewing a challenge to the sufficiency of the evidence, "the judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict." Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42 (1991) (citation and internal quotation marks omitted). Under this standard, this Court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original; citation and internal quotation marks omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Instead, we ask only "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319) (emphasis in original). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319. See also McMillan v. Commonwealth, 277 Va. 11, 19, 671 S.E.2d 396, 399 (2009); Jones v. Commonwealth, 277 Va. 171, 182-83, 670 S.E.2d 727, 734 (2009); Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 906-07 (2009) (*en banc*).

Further, in applying these principles, we are required to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis, citation, and quotation marks omitted); see Scott v. Commonwealth, 55 Va. App. 166, 172, 684 S.E.2d 833, 836 (2009); Cooper v. Commonwealth, 54 Va. App. 558, 562, 680 S.E.2d 361, 363 (2009).

## A.  Robbery Conviction

"'Robbery, a common-law offense, is defined as the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'" Williams v. Commonwealth, 278 Va. 633, 637, 685 S.E.2d 178, 180 (2009) (quoting Commonwealth v. Jones, 267 Va. 284, 286, 591 S.E.2d 68, 70 (2004)) (internal quotations marks omitted); see George v. Commonwealth, 242 Va. 264, 277, 411 S.E.2d 12, 20 (1991) ("Although the punishment for robbery is fixed by statute, Code § 18.2-58, the offense is not statutorily defined, and we must look to the common law for its definition.").

Viewing the evidence in the light most favorable to the Commonwealth, we conclude the trial court rationally found that the Commonwealth proved beyond a reasonable doubt that Young committed robbery. The victim, Jessee Gregory, testified that, upon walking outside of an apartment complex at approximately 9:30 p.m. on April 28, 2008, he was "hit in [the] face and knocked down. Every time [he] got up, [he] got knocked down again . . . [and] everything was taken out of [his] pocket," which included a cell phone, keys, and one hundred fifty dollars. Gregory sustained a fractured nose and fractured jaw, and was hospitalized, as a result of the attack.

Gregory identified Young as the assailant. Gregory stated that he "saw [Young] before [the attack], but [Gregory] didn't know [Young] was going to hit [him]." Gregory was able to identify Young because he had known Young for approximately two years and had "helped [Young] out quite a few times." Young was "homeless," Gregory explained, so he had given Young food and clothing, and had let him stay at Gregory's apartment from time to time.

In challenging the sufficiency of the evidence, Young argues that Gregory's testimony was not credible. We reject this argument. It is well established that "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Under this standard, "[t]he conclusions of the fact finder on issues of witness credibility may only be disturbed on appeal if this Court finds that [the witness'] . . . testimony was inherently incredible, or so contrary to human experience as to render it unworthy of belief." Moyer v. Commonwealth, 33 Va. App. 8, 28, 531 S.E.2d 580, 590 (2000) (*en banc*) (citations and internal quotation marks omitted). Gregory's testimony was neither inherently incredible nor contrary to human experience, and thus the trial court, as fact finder, did not err in crediting it.

## B. Burglary Conviction

Code § 18.2-89 provides, in pertinent part, "[i]f any person break and enter the dwelling house of another in the nighttime with intent to commit a felony or any larceny therein, he shall be guilty of burglary." Young contends the Commonwealth failed to prove he had the specific intent to commit a felony or any larceny when he entered Gregory's apartment on the night in question, and thus the trial court erred in finding him guilty of burglary. We disagree.

Gregory testified that at approximately 10:00 p.m. on May 19, 2008, three weeks after Young had robbed him, he saw Young outside a store located near Gregory's apartment. At that time, Young held a gun up in the air and said to Gregory, "I've got something for you." Gregory said nothing in response, walked home, and called the police. Gregory explained that he did not call the police on his cell phone while in Young's presence since Young had the gun, indicating that to do so would have been "crazy."

Later that night, according to Gregory, Young appeared at Gregory's apartment and began "beat[ing] on the door." Gregory did not say anything to Young or open the door. Thereafter, he heard Young at the back of the apartment, and discovered that Young had opened the rear window of the apartment and was attempting to climb through it. Young then said to Gregory, "If I have to come in this window, man, when I get in, I'm gonna do somethin' to you." Gregory responded, "I'll let you in," and went to the front door and let Young into the apartment. When asked why he did so, Gregory stated that Young had "a gun" and "I thought he was gonna kill me."

Gregory testified that, upon entering the apartment, Young "started threaten[ing]" him. After Gregory "tried to cool [Young] down," Gregory explained, he went back upstairs and left Young in the downstairs area of his apartment. Gregory further stated, "I couldn't run my mouth because [Young] had a gun [at the time] and I was scared of him." Later that night, Gregory

- 4 -

went downstairs, and found Young asleep on the floor. Gregory then "snuck out and called the police." The police arrived, found Young still asleep on the floor, and arrested him.

"When an unlawful entry is made into the dwelling of another, the presumption is that the entry is made for an unlawful purpose."[1] Scott v. Commonwealth, 228 Va. 519, 524, 323 S.E.2d 572, 575 (1984) (citing Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979)). "The specific purpose, meaning specific intent, with which such an entry is made may be inferred from the surrounding facts and circumstances." Id. (citing Tomkins v. Commonwealth, 212 Va. 460, 461, 184 S.E.2d 767, 768 (1971)). Thus, the trial court "was entitled to draw on all the circumstances shown by the evidence to determine what [Young's] intent actually was when he entered [Gregory's] apartment." Id.

As the trial court explained, in light of Young's robbery of Gregory three weeks earlier, Young's threat to Gregory with a gun a few hours earlier, and Young's threats to Gregory as he was unlawfully entering Gregory's apartment on the night in question, the court found that Young intended to do serious physical harm to Gregory at the time of entry, and was, therefore, guilty of burglary. Once again, based on our review of the evidence in the light most favorable to the Commonwealth, we cannot say that, as a matter of law, no rational factfinder could have found Young guilty of burglary under Code § 18.2-89. See Campbell v. Commonwealth, 39 Va. App. 180, 186, 571 S.E.2d 906, 909 (2002) ("If reasonable jurists could disagree about the

---

[1] Young does not argue on appeal that there was insufficient evidence for finding he broke into Gregory's apartment relative to the Commonwealth's proof of burglary. Indeed, Young acknowledges on brief that "[i]f a person gains entry to a home by virtue of threats or intimidation, a constructive breaking has occurred," citing Bruce v. Commonwealth, 22 Va. App. 264, 267, 469 S.E.2d 64, 66 (1996), as authority for this principle. See also Jones v. Commonwealth, 3 Va. App. 295, 299, 349 S.E.2d 414, 416-17 (1986) ("Where entry is gained by threats, fraud or conspiracy, a constructive breaking is deemed to have occurred."); Johnson v. Commonwealth, 221 Va. 872, 876, 275 S.E.2d 592, 595 (1981) ("[A] breaking, either actual or constructive, to support a conviction of burglary, must have resulted in an entrance contrary to the will of the occupier of the house." (citation and quotation marks omitted)).

probative force of the facts, we have no authority to substitute our views for those of the trial judge.").

Young argues on appeal that the trial court erred in finding him guilty because he did not physically harm Gregory once inside Gregory's apartment, but rather eventually fell asleep on the floor. The import of Young's argument is that those subsequent facts, in effect, negated all other circumstantial evidence indicating that he possessed the felonious intent to harm Gregory at the time he entered the apartment. This argument is without merit. Whether "the purpose formed in [Young's] mind," *at the time of entry* was with the intent to harm Gregory, is the ultimate question. Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 140 (2008). From all the circumstances presented, regarding the moment of entry, the trial court made a factual determination that Young specifically intended to do serious physical harm to Gregory. The fact that no such harm was subsequently inflicted obviously did not convince the court otherwise when it determined Young's intent at entry, after "resolv[ing] conflicts in the testimony, . . . weigh[ing] the evidence, and . . . draw[ing] reasonable inferences from basic facts to ultimate facts," as it was required to do. Jackson, 443 U.S. at 319. And, it is not the role of this Court to "reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), or to "preside *de novo* over a second trial," Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004).

Accordingly, based on the record here presented, we conclude the trial court, acting within its "factfinding discretion," id. at 11, 602 S.E.2d at 406, rationally found beyond a reasonable doubt that Young possessed the requisite felonious intent to do physical harm to Gregory at the time he broke into Gregory's apartment in the night, and thereby committed burglary.

## II.

For the above-stated reasons, we affirm Young's convictions of robbery and burglary.

Affirmed.