COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Lemons and Frank
Argued at Chesapeake, Virginia


ZACHARIAH L. HANCOCK

MEMORANDUM OPINION[*] BY
v.    Record No. 0182-99-1        JUDGE JERE M. H. WILLIS, JR.
                                       JANUARY 27, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                       Wilford Taylor, Jr., Judge

           W. Alan Maust for appellant.

           Leah A. Darron, Assistant Attorney General
           (Mark L. Earley, Attorney General, on brief),
           for appellee.


     On appeal from his conviction of involuntary manslaughter,

in violation of Code § 18.2-36, Zachariah L. Hancock contends

(1) that the trial court erred in refusing to admit testimony

regarding the victim's character and (2) that the evidence was

insufficient to support his conviction.  Finding no error, we

affirm.

     "The judgment of a trial court sitting without a jury is

entitled to the same weight as a jury verdict and will not be

set aside unless it appears from the evidence that the judgment

is plainly wrong or without evidence to support it."  Martin v.

Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On the evening of September 1, 1997, Hancock delivered a pizza to the residence of James W. Parker, Emerson Orton's neighbor. Hancock parked his vehicle in front of Parker's house, which was located on a dead end street. After delivering the pizza, Hancock was returning to his vehicle when he was confronted by Orton, who complained about the loudness of Hancock's car stereo system. The two men argued. Hancock testified that Orton physically assaulted him through the open car window.

Hancock began to drive away toward the dead end. However, after driving forward about forty-five feet, he shifted into reverse, "floored it," and accelerated rapidly backward. Orton, who was then returning to his house, was struck by the vehicle and fell backward, suffering a fatal skull fracture. Hancock then shifted into forward, turned around, and drove to a local fire station, where he reported the incident.

The trial court found Hancock guilty of involuntary manslaughter, in violation of Code § 18.2-36, sentenced him to six years imprisonment, with four years suspended, and ordered him to pay restitution.

Hancock first contends that the trial court erred in rejecting testimony of the victim's character or reputation for violence, turbulence, or aggression. He sought at trial to present evidence that Orton had a reputation for arguing with

-

motorists about their car stereo system volume.  The trial court rejected this testimony.

> A criminal defendant may offer evidence regarding the victim's character for violence, turbulence, or aggression for two purposes:  (1) to show "who was the aggressor" or (2) to show "the reasonable apprehensions of the defendant for his life and safety."  However, it is well established that such evidence of the victim's character is admissible only when the defendant "adduces evidence that he acted in self-defense."

Canipe v. Commonwealth, 25 Va. App. 629, 640, 491 S.E.2d 747, 752 (1997) (citations omitted).  Hancock's counsel conceded at trial that self-defense was not an issue.  Therefore, the trial court properly rejected evidence of Orton's character.

Hancock also sought to introduce evidence that Orton had previously jumped onto a motorist's car during an argument over the loudness of the other motorist's stereo system.  This evidence, however, was not proffered until after Hancock had been convicted.  Thus, its tender was not timely, and its rejection was not preserved for appeal.  See Rule 5A:18; Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998).

Hancock next contends that the evidence was insufficient to prove that his conduct rose to the level of negligence required for involuntary manslaughter.  "When considering the sufficiency of the evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth

-

and accord to the evidence all reasonable inferences fairly deducible therefrom." Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 718, 721 (1988).

Involuntary manslaughter is "the accidental killing which, though unintended, is the proximate result of negligence so gross, wanton, and culpable as to show a reckless disregard of human life." King v. Commonwealth, 217 Va. 601, 607, 231 S.E.2d 312, 316 (1977).

Hancock argues that the testimony of Orton's wife, Paula Herring, was incredible as a matter of law and should have been disregarded. Ms. Herring initially told investigators that Hancock drove over Orton after striking him. Confronted with medical testimony that contradicted this, she testified that Hancock did not drive over Orton. When asked to explain this change, Ms. Herring stated that from her viewpoint, it had appeared that Hancock drove over Orton's body. The trial court believed her explanation. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). We cannot say on appeal that Ms. Herring's testimony was incredible as a matter of law.

Ms. Herring testified that Hancock "floored" his car in reverse and, after hitting Orton, continued out of control and skidded backwards. She testified that Hancock then shifted the

-

vehicle into forward, drove up the street, turned around, and passed Orton's body.  Hancock admitted that as he accelerated backwards, even though he knew Orton was behind him, he "did not turn around and look backwards as a normal reverse would." Evidence of such reckless and violent driving, directed toward the known location of a pedestrian, supports the trial court's finding that Hancock's conduct constituted negligence so gross, wanton, and culpable as to show a reckless disregard of human life.

Accordingly, we find the evidence sufficient to support the conviction and affirm the judgment of the trial court.

<u>Affirmed.</u>