# Staunton

## FINLEY HENSLEY v. COMMONWEALTH.

September 21, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*D. F. Kennedy,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

The accused was indicted for murder, tried by a jury and found guilty of involuntary manslaughter. His punishment was fixed at one year in the penitentiary and he has been sentenced by the court. He complains that the verdict is not supported by the evidence and that his plea of self-defense is sustained by the uncontradicted evidence in the case.

The material facts are not in dispute. The accused was a taxi driver and was returning from a trip in the early hours of the morning. There were several passengers in his automobile. One of the tires of the automobile was punctured and the gasoline gave out near the "Red Fox," a roadside restaurant. He approached the restaurant, knocked on the door and was invited in. He called for a sandwich and found a seat at the counter, where he waited for the employee to prepare it. There were four in the party, and they, two employees and one John Abozovich, an intoxicated guest, were the only persons there when the alleged offense was committed. Abozovich was drunk and asleep, resting his head upon a table when the accused arrived. A little later an employee aroused him from his slumber in order to have him go into a bedroom where he could "sober up." Just as soon as he had been aroused, he started to fight those in the restaurant and as he passed the accused he struck the accused upon the head with his fist and knocked him to the floor. The accused arose and attempted to back out of the door, but Abozovich placed himself between the accused and the door and backed the accused against the wall. All of the time Abozovich continued to assault the accused and finally, according to the testimony of the accused, he stabbed the accused in the nose with a knife. The accused, while he was being rushed and crowded and Abozovich was close up against him, drew his pistol and shot and fatally wounded Abozovich. He died from the wound in a very short time.

The evidence discloses that the accused had never known the deceased, and that the assault was absolutely without provocation or cause. It is conceded by the Commonwealth that it was an unprovoked assault.

The accused testified positively that he was being stabbed with a knife just before he fired the fatal shot. He exhibited the scar of the stab wound to the jury and there was uncontradicted evidence which showed that he had no such scar on his nose prior to the occasion in question. One witness for the Commonwealth testified that he did not see a knife in Abozovich's hand and another testified that he did see something in his hand, but did not know whether it was a knife or something else. Another witness for the Commonwealth said that when he examined the body several hours later a knife with the blades closed was found in one of the pockets of the deceased.

The Attorney-General concedes that if the accused was being pursued by Abozovich and had backed against the wall and Abozovich was cutting at the accused he would have been justified in killing his assailant. In other words, a complete case of self-defense would have been made. When the evidence is closely scrutinized it is seen that Abozovich was assaulting the accused with a knife when the shot was fired. The accused testified positively to this fact and exhibited the scar on his nose where he was stabbed. A witness for the Commonwealth said that Abozovich had something in his hand at the time. Opposed to this testimony is the statement of another witness who said Abozovich had no knife, but the testimony shows that this witness was over behind the counter working on a lamp some distance away; that the only light in the room was furnished by a flashlight and that Abozovich had his back turned towards the witness. It would have been almost impossible under such conditions for this witness to have seen whether Abozovich was using a knife or not. The evidence, in our opinion, overwhelm-

ingly establishes the fact that Abozovich did have a knife and was using it upon the accused when the pistol was fired. This being true, a perfect case of self-defense was made as a matter of law.

The verdict is set aside and the judgment is reversed. The indictment should be dismissed.

*Reversed.*