COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Willis and
          Senior Judge Overton
Argued at Alexandria, Virginia


PAMELA L. McCOY

                                    MEMORANDUM OPINION* BY
v.    Record No. 0467-00-4          JUDGE NELSON T. OVERTON
                                      JANUARY 30, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    R. Terrence Ney, Judge

          Jerry M. Phillips (Phillips, Beckwith, Hall &
          Chase, on brief), for appellant.

          Amy L. Marshall, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Pamela L. McCoy, appellant, appeals her conviction of

possession of marijuana and contends that the evidence was

insufficient to prove that she constructively possessed the

marijuana.  For the following reasons, we disagree and affirm

appellant's conviction.

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  <u>Archer v.</u>

<u>Commonwealth</u>, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

(citation omitted).  The judgment of a trial court sitting

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

without a jury will not be set aside unless plainly wrong or without evidence to support it.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Because appellant was not found in actual possession of the marijuana, the Commonwealth had to prove that appellant constructively possessed the marijuana.

> Constructive possession may be established by "evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control."

Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368-69 (1994) (en banc) (citation omitted).

Viewing the evidence in the light most favorable to the Commonwealth, the evidence proved that Detective R.A. Galpin found smoking devices, pipes, and marijuana in the downstairs bedroom of a single family home.  Appellant arrived at the residence after Galpin had found the items.  Appellant admitted that "some of the pipes" found in the bedroom, which she shared with her boyfriend, were hers.  Both of the pipes found in their bedroom contained marijuana residue.  Therefore, the fact finder could infer that appellant's pipes contained residue.  Appellant acknowledged that she had smoked marijuana.  Considering appellant's statements combined with the circumstance that she shared the bedroom where the marijuana was found, the evidence was sufficient to prove that appellant was aware of the presence

-

and character of the marijuana and that it was subject to her dominion and control.

The fact finder believed the Commonwealth's evidence that appellant constructively possessed marijuana, and rejected appellant's denial that she had knowledge or possession of the marijuana. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant constructively possessed marijuana.

Therefore, appellant's conviction is affirmed.

                                        Affirmed.

-