COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Bumgardner and Senior Judge Hodges
Argued at Alexandria, Virginia


GARY STEPHEN DIAZ

v.    Record No. 2987-97-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE RUDOLPH BUMGARDNER, III
FEBRUARY 16, 1999


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
John E. Kloch, Judge

Paul E. Pepper, Assistant Public Defender
(Susan L. Korfanty, Senior Assistant Public
Defender, on brief), for appellant.

Linwood T. Wells, Jr., Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Gary Stephen Diaz appeals his conviction of receiving stolen property in violation of Code § 18.2-108. He argues that the evidence presented during his bench trial was insufficient to sustain the trial court's finding of guilt. Concluding the evidence did support that finding, we affirm the conviction.

On appeal we view the evidence in the light most favorable to the Commonwealth with all reasonable inferences fairly deducible therefrom. See Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997). In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, see Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988), and not substitute our judgment for

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

that of the fact finder. See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). The trial court's ruling will not be disturbed on appeal unless plainly wrong or without evidence to support it. See George v. Commonwealth, 242 Va. 264, 278, 411 S.E.2d 12, 20 (1991), cert. denied, 503 U.S. 973 (1992); Smith v. Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993).

So viewed, the evidence established that Jeffrey Robertson stole a bracelet and diamond ring from his grandmother. He and a friend, also an underage teenager, took the jewelry to the Gold Star Pawn Shop and pawned it to the defendant, who worked there. The items were worth $2,950, but they received only $120. Both Robertson and his friend identified the defendant as the person to whom they pawned the jewelry. They said that he did not ask for identification, did not ask who owned the bracelet, and did not ask them to complete any paperwork.

As soon as Robertson's grandmother discovered the jewelry was missing, she suspected him of taking it. He admitted stealing the jewelry and returned to the pawn shop with her where he identified the defendant to her. The defendant returned the bracelet to her without charge and without completing any paperwork. An attorney for the pawn shop returned the ring a week later.

Pawn shop regulations required verified identification of anyone who pawned property. The required information included the name, address, phone number, height, weight, and birth date.

The regulations also required the pawn shop to make a detailed description of the property received and to file it in writing with the police. The detective who maintained these records testified that he never received any form describing the jewelry Robertson pawned. When asked for the pawn ticket for the jewelry, the defendant gave the detective a pawn ticket, but it was for a bracelet pawned by another person, Martha Jones, and the description on the ticket did not match the jewelry Robertson pawned.

The defendant said that he had been in the store all day on the day in question, but he did not know if "two kids" had come into the store. He acknowledged being in the store when the grandmother claimed her bracelet, but he said that it had been in the store "for a while." The defendant also claimed that he had given the detective the correct ticket for the transaction with Robertson, but later stated that the "constant bombardment" by the detectives caused him to give them the wrong ticket.

Three other witnesses testified for the defendant. The shop owner, his half-brother and his wife all testified that they had been in the store on the day in question but had not seen the two boys. The defendant argues that the trial court erred by disregarding the three defense witnesses and in believing Robertson and his friend. He asserts that accepting the testimony of the two teenagers over that of the three adults was arbitrary. However, the credibility of witnesses, the weight accorded their testimony, and the inferences to be drawn from

proven facts are matters solely for the fact finder's determination.  See Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

We conclude that the evidence is sufficient to affirm the defendant's conviction for receiving stolen property.  Robertson and his friend pawned stolen jewelry to the defendant.  He paid them $120 for two items worth much more and asked for no identification from the teenagers.  He prepared no paperwork and did not file the required information with the police.  The defendant returned the bracelet to the grandmother but charged her nothing.  From this evidence the trial court could find that the defendant received the property and could infer that he knew it was stolen when he did so.

Finally, the defendant gave conflicting explanations for his actions.  He first said that Jones's ticket was the correct ticket for the grandmother's jewelry but later stated that the detectives pressured him into providing the wrong pawn ticket.  Where a fact finder concludes a defendant's testimony is incredible, it can infer the defendant lied to conceal his guilt. See Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987).

The evidence is sufficient to affirm the defendant's conviction, and we affirm the judgment of the trial court.

Affirmed.