COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Bray and Bumgardner
Argued at Chesapeake, Virginia


TROYA ANDRE WRIGHT

                                          MEMORANDUM OPINION* BY
v.     Record No. 1019-99-1             JUDGE SAM W. COLEMAN III
                                             APRIL 11, 2000
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                        Von L. Piersall, Jr., Judge

             Dianne G. Ringer, Senior Assistant Public
             Defender, for appellant.

             Eugene Murphy, Assistant Attorney General
             (Mark L. Earley, Attorney General, on brief),
             for appellee.


     Troya Andre Wright was convicted in a bench trial of

felonious assault and battery of a police officer in violation of

Code § 18.2-57(C).  He was sentenced to two years imprisonment,

consisting of one year and six months suspended and the mandatory

six months to be served in jail pursuant to Code § 18.2-57(C).  On

appeal, Wright argues that the evidence is insufficient to support

the conviction.  We disagree and affirm the conviction.

                             BACKGROUND

     City of Portsmouth Police Officer Roxanne Hutt was in uniform

and on bicycle patrol at the Seawall Festival in Portsmouth when

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

she encountered Wright and Stephanie Montero, his girlfriend, engaged in an argument. Hutt approached the couple to investigate. Wright became belligerent with Hutt, pointing his finger at her and using profane language. Hutt was unable to calm Wright. Hutt, suspecting that Wright was intoxicated because she smelled an odor of alcohol about him, decided to arrest Wright for being drunk in public. Hutt told Wright that she was arresting him. Officer Joseph Brown, who was in uniform and displaying his badge, arrived at the scene. Brown approached Wright from behind. Hutt gave Brown the verbal signal to arrest Wright, calling out the code "10-17." Hutt had cuffed Wright's right hand and, as Brown attempted to cuff Wright's left hand, Wright "tackled" Brown to the ground and a "scuffle ensued."

Another uniformed officer who had come to assist helped to subdue Wright. This officer testified that he observed Wright "grab Officer Brown's legs and scoop them from underneath him and drop him to the ground."

Wright testified that he was arguing with Montero when Hutt approached. Wright stated that Hutt ordered him to step away from Montero, but Montero was still yelling. Wright testified that Hutt cuffed one hand and told him that he was under arrest. He stated that an unidentified person approached from his left and "straddled" him, causing Wright and the two officers to fall to the ground. Wright stated that he was unaware that Brown was a

police officer.  Antonio Elliott testified for Wright and corroborated Wright's version of the events.

## ANALYSIS

Wright argues that the evidence is insufficient to prove that he assaulted Brown or that he knew the person he assaulted was a police officer.

On review, we view the evidence in the light most favorable to the prevailing party and grant to it all reasonable inferences fairly deducible therefrom.  See Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 265 (1998).  "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986) (citation omitted).  "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citations omitted).  "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt."  Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (citation omitted).

To sustain a conviction under Code § 18.2-57(C), the Commonwealth must prove that Wright assaulted an individual that he knew or had reason to know was a police officer engaged in the performance of his duties.

Here, the evidence, viewed in the light most favorable to the Commonwealth, proved that Hutt, while in uniform and on patrol, was investigating what she perceived to be an escalating public argument between Wright and his girlfriend. During Hutt's encounter with Wright, Wright became belligerent and verbally abusive. Hutt called for assistance, informed Wright that he was under arrest, and proceeded to handcuff Wright. Brown, responding to Hutt's request for assistance, approached Wright from the rear and grabbed Wright's left arm to assist Hutt in handcuffing Wright. Wright resisted the officers' attempt to arrest him and tackled Officer Brown to the ground.

At the time Wright assaulted Brown, Wright was told that he was under arrest and he was in the process of being handcuffed. Although Wright testified that he was not aware that Brown was a police officer, he was aware that a number of other police officers had gathered and were present at the scene. Brown was in uniform and stood only inches from Wright when he was being handcuffed. The fact finder reasonably could have inferred that Wright was aware that the individual handcuffing his left arm while Officer Hutt was handcuffing his right arm was a police

- 4 -

officer.  Three officers testified that Wright "grabbed" Brown and "tackled" him to the ground.  Although the officers' versions of the events differ in some respect as to where Wright grabbed Brown, the weight to be accorded their testimony is a matter solely for the fact finder who can accept or reject the testimony in whole or in part.  See generally Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).  The trial court, as fact finder, could accept that version of the events which shows that Wright knew that he was tackling a police officer.  The fact finder could, under the circumstances, reject Wright's self-serving statements that he was unaware that Brown was a police officer and that they accidentally fell to the ground.

Accordingly, we find that the evidence is sufficient to support Wright's conviction.  We therefore affirm.

Affirmed.