COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Senior Judge Hodges
Argued at Chesapeake, Virginia


TIMOTHAEUS MARIKO EDMONDS
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1087-00-1       JUDGE WILLIAM H. HODGES
                                         MAY 8, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                    Frederick H. Creekmore, Judge

          Stephen C. Mahan for appellant.

          Stephen R. McCullough, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Timothaeus Mariko Edmonds, appellant, appeals his conviction

for unlawful wounding.  He challenges the sufficiency of the

evidence to prove beyond a reasonable doubt his criminal agency

and related intent.  Defendant further contends that the trial

court erred by failing to acquit because he acted justifiably both

in the defense of himself and others.  For the following reasons,

we affirm appellant's conviction.

                    Sufficiency of the Evidence

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v.

--------------------------------------------------

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

So viewed, the evidence established that the victim and his sister, Carlethea Stancil, encountered appellant, a man with whom the victim had an "all right" relationship, in a Wal-Mart store, and the two men exchanged greetings. When the victim and Stancil exited the store, Junius Harvey began "mouthing off" at the victim in the parking lot. Suddenly, appellant and Nathan Jenkins "rush[ed] [the victim] from the back," began punching him, and a struggle ensued. Although masked, the victim could identify appellant by his clothing, seen moments before while in the store. Appellant soon broke away from the fight and ran, but the victim pursued, caught and began to choke him. Stancil, observing appellant remove a gun from his waist area, shouted, "He's got a gun," the victim felt something "poke" into his stomach, and appellant shot the unarmed victim in the pelvis.

At trial, appellant acknowledged seeing the victim at the Wal-Mart store, but denied involvement in the altercation, testifying he watched the fight while seated in a nearby car.

The trial judge believed the Commonwealth's evidence, including the victim's identification of appellant as the assailant, and rejected appellant's evidence. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v.

-

Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Further, the evidence clearly proved appellant shot the unarmed victim in the pelvis, conduct sufficient to support an inference of specific intent to maim, disable, disfigure or kill. Thus, the Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove the subject conviction beyond a reasonable doubt.

### Self-Defense and Defense of Others Claims

"Self-defense is an affirmative defense which the accused must prove by introducing sufficient evidence to raise a reasonable doubt about his guilt." Smith v. Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993). See Foster v. Commonwealth, 13 Va. App. 380, 383, 412 S.E.2d 198, 200 (1991) (defendant entitled to instruction on defense of others if supported by evidence in the record). Whether evidence of self-defense or the defense of others by an accused raises a reasonable doubt of guilt is a factual finding by the trial court that will not be disturbed on appeal, unless plainly wrong or without evidence to support it. See Smith, 17 Va. App. at 71, 435 S.E.2d at 416.

Here, appellant denied involvement in the offense, claiming he only watched the fray from a car. Nevertheless, appellant contends the trial judge erroneously failed to acquit because he acted in self-defense or justifiably in defense of others. However, such defenses were raised, not by defendant's evidence,

-

but, rather, the argument of his counsel, urging the fact finder to draw the inferences necessary to the defenses from the Commonwealth's evidence.  Under such circumstances, the trial court correctly concluded that appellant did not act in self-defense or in the defense of others.

Accordingly, we affirm the conviction.

<u>Affirmed.</u>

-