COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Agee and Senior Judge Coleman
Argued at Salem, Virginia


PETE WINCHESTER, a/k/a
 MARK ANTHONY WINCHESTER
                                     MEMORANDUM OPINION[*] BY
v.    Record No. 0942-00-3            JUDGE G. STEVEN AGEE
                                          MAY 15, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                  B. A. Davis, III, Judge Designate

            J. Patterson Rogers, III, for appellant.

            Eugene Murphy, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     In a jury trial in the Circuit Court of Pittsylvania

County, Pete Winchester (Winchester) was convicted of

distribution of cocaine, a second or subsequent offense, in

violation of Virginia Code § 18.2-248.  At trial, Winchester's

motion to strike the evidence as insufficient was denied.

Subsequently, Winchester objected to Jury Instruction No. 6 on

the grounds that the proposed instruction suggested to the jury

that Winchester had fled prosecution.  The court overruled the

objection, and Winchester noted an exception.  Winchester then

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

renewed his motion to strike, which the court again denied, and Winchester noted his exception.

After finding Winchester guilty, the jury recommended a sentence of ten years incarceration and a fine of $5,000. Winchester moved that the verdict be set aside as contrary to the law and the evidence. The trial court denied that motion and on April 25, 2000 sentenced Winchester to a term of incarceration for ten years.

Winchester now appeals, arguing that the trial court erred in giving Jury Instruction No. 6, which he complains was overly suggestive, and erred in finding the evidence sufficient to support his conviction. We disagree and affirm the conviction.

## I. BACKGROUND

In December 1996, Larry Cunningham (Cunningham) was working as a confidential informant with the Pittsylvania County Sheriff's Office. On December 5, 1996, Cunningham, at the request of Investigators J. Todd Barrett and Jimmy Lipscomb of the Sheriff's Office, met Investigator Barrett in the Westover Drive area. The investigators wanted Cunningham to purchase crack cocaine in a particular area and provided Cunningham with $50 for a buy.

Cunningham drove his own vehicle, outfitted with a surveillance camera and audio monitor, to the designated area and asked, "Did anybody have anything?" Some people milling around told him to drive across Route 656. As Cunningham drove across Route 656, he stopped at a house where Winchester and another male

-

were refueling a car.  Cunningham asked if they had anything, and someone replied "No."  Cunningham then pulled away and turned his vehicle around as a second car pulled up to the house.  As Cunningham passed the house, the second vehicle followed him and flagged him down.

Winchester was now sitting in the back of the second vehicle, leaning over the seat talking to those in the front seat. Winchester handed a pill bottle to Curtis Tinsley, a front seat passenger, who then pulled a mask over his face as did Winchester. The masked Tinsley then came to the window of Cunningham's vehicle and poured crack cocaine into Cunningham's hand from the pill bottle Winchester had given him.  Cunningham paid Tinsley $50. Cunningham returned to Investigator Barrett with no money and four rocks of cocaine.

On January 15, 1997 the Grand Jury sitting for the Circuit Court of Pittsylvania County returned an indictment against Pete Winchester, charging him with violation of Code § 18.2-248. Subsequent to the indictment, Investigator Vic Ingram searched for Winchester through September, 1997 when he was in Winchester's neighborhood, but to no avail.  He contacted Winchester's mother several times before she moved to North Carolina at the end of 1997.  Investigator Ingram made the mother aware that Winchester was wanted on the indictment although Winchester was also sought on other violations.

Winchester was arrested on April 8, 1999.  He testified that he left the Commonwealth prior to the indictment and was not aware he was wanted under the indictment.  Winchester further claimed that he was not in the Commonwealth at the time of the drug sale.  Winchester testified he left Virginia for North Carolina prior to the offense because he had "messed up" on probation and did not want to return to prison for failing to report to his probation officer.

## II.  ANALYSIS

### A.  Jury Instruction No. 6

At trial, the evidence showed that on January 15, 1997, Winchester was indicted for cocaine distribution, a second or subsequent offense having occurred on December 5, 1996.  The court took judicial notice of the fact that a capias was issued for Winchester on January 15, 1997, and that he was not arrested until April 8, 1999.  Investigator Vic Ingram looked for Winchester "often" during 1997, but was unable to locate him.  Ingram contacted Winchester's mother several times looking for him.  Winchester did not object to this evidence.

Winchester admitted leaving Virginia, but claimed he left for North Carolina before the date of the offense because he had "messed up" on probation.  Winchester stated that he went to North Carolina so that he could avoid returning to the penitentiary for failing to report to his probation officer.

-

At the close of the evidence, Winchester objected to Jury

Instruction No. 6, which stated:

> THE COURT INSTRUCTS THE JURY THAT, if a
> person flees to avoid prosecution or flees to
> avoid detection, apprehension or arrest, this
> creates no presumption that the person is
> guilty of having committed the crime.
> However, it is a circumstance which you may
> consider along with the other evidence.

Winchester objected to the instruction as misleading and

suggestive to the jury that he fled from the prosecution of the

drug offense.  The trial court allowed the jury instruction and in

this appeal Winchester avers the allowance was erroneous due to

the factual disparities presented (i.e., he testified that he fled

the jurisdiction for reasons unrelated to the drug charge, he fled

prior to the alleged crime, and he was unaware of the drug charge

pending against him).  Winchester argues that it is error to give

an instruction which, though a technical statement of the law in

the abstract, is not supported by sufficient evidence in the case.

"A reviewing court's responsibility in reviewing jury

instructions is 'to see that the law has been clearly stated and

that the instructions cover all issues which the evidence fairly

raises.'"  Darnell v. Commonwealth, 6 Va. App. 485, 488, 370

S.E.2d 717, 719 (1988) (citation omitted).  An instruction should

be given if supported by credible evidence.  See McClung v.

Commonwealth, 215 Va. 654, 657, 212 S.E.2d 290, 293 (1975).

Instruction No. 6 states that if a person flees to avoid

prosecution, that fact creates no presumption that the person is

-

guilty of committing the crime, but is only a circumstance that can be considered along with the other evidence. Cunningham's testimony that Winchester was involved in the drug sale, Detective Ingram's testimony that he attempted to locate and serve the indictment on Winchester to no avail, and Winchester's own testimony of flight supply credible evidence to support the idea of flight after the offense and the need for the instruction should the jury have believed that flight from the prosecution of the drug offense occurred. We, therefore, cannot say the trial court erred by giving this instruction.

## B. Sufficiency of the Evidence

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). "We will affirm the judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

So viewed, the evidence proved that on December 5, 1996, Cunningham, a confidential informant, was used by investigators to set up crack cocaine purchases. Cunningham employed audio and video recording devices in this endeavor. After several attempts by Cunningham to make a purchase, a vehicle containing Winchester, Tinsley and a third man flagged down Cunningham. Cunningham saw

-

Winchester give Tinsley a pill bottle before Winchester and Tinsley masked themselves. Tinsley walked over to Cunningham and poured crack cocaine into Cunningham's hand from the pill bottle Cunningham had seen Winchester pass to Tinsley. Cunningham gave Tinsley $50.

The Commonwealth's evidence was not incompetent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that Winchester committed the charged offense. The evidence is not made insufficient by Winchester's testimony that on December 5, 1996, he "was in North Carolina. I don't know where, but I won't in Virginia." The fact finder, the jury, believed the Commonwealth's evidence, and rejected Winchester's testimony. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

For these reasons we find no error, and the conviction is affirmed.

Affirmed.

-