COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Overton
Argued at Alexandria, Virginia


ROBERT K. BLACK

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2206-01-4          JUDGE NELSON T. OVERTON
                                          OCTOBER 8, 2002
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                      Paul F. Sheridan, Judge

          Janell M. Wolfe for appellant.

          Jennifer R. Franklin, Assistant Attorney
          General (Jerry W. Kilgore, Attorney General,
          on brief), for appellee.


     Robert K. Black, appellant, was convicted of robbery and of

abduction for pecuniary benefit.  He appeals and contends that his

abduction conviction should have been merged into his robbery

conviction arguing that the detention was not separate and apart

from, but was merely incidental to, the restraint used in the

commission of the robbery.  We disagree and affirm.

                              Facts

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

inferences fairly deducible therefrom.'"  Archer v.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

(citation omitted).  "The credibility of the witnesses and the

weight accorded the evidence are matters solely for the fact

finder who has the opportunity to see and hear that evidence as

it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133,

138, 455 S.E.2d 730, 732 (1995).

So viewed, the evidence proved that Dhay Araya was working

in the Definitely Different Gift Shop in Arlington County when

appellant and two other men walked into the shop.  Two of the

men proceeded to the cash register, and the third man walked up

behind Araya and said, "[L]ean down, go on the floor."  After

Araya saw a gun, he rolled down onto the floor.  The man put

duct tape over Araya's eyes and tied Araya's hands behind his

back.  The man stepped on Araya's back with his foot and took

Araya's wallet.  Araya heard noises from the cash register and

then heard the men leave the shop.

In his first statement to Detective Charles Penn, appellant

said two of his co-workers, Maurice Williams and Jarant Graham,

told him they had gotten some money in Virginia.  In a second

version, appellant admitted riding in the car with his

co-workers but claimed he stayed in the car.  Finally, appellant

acknowledged that he had participated, that it was "Mo's idea"

-

and that Graham had a toy gun, that he taped a person's hands, and that his cut was $300.

## Discussion

> [O]ne accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, not merely incidental to, the restraint employed in the commission of the other crime.

Brown v. Commonwealth, 230 Va. 310, 314, 337 S.E.2d 711, 713-14 (1985). "[T]o constitute an abduction, separate and apart from a robbery, the victim's detention must be greater than the restraint that is intrinsic in a robbery." Cardwell v. Commonwealth, 248 Va. 501, 511, 450 S.E.2d 146, 152 (1994). Even if the purpose of the abduction is in furtherance of the robbery in allowing the defendant to make an effective escape, an act of abduction is not considered inherent in the crime of robbery. See Phoung v. Commonwealth, 15 Va. App. 457, 462, 424 S.E.2d 712, 715 (1992) (binding together victim's hands and feet is not act inherent in crime of robbery, nor is asportation of the victim).

Appellant, armed with a gun, forced Araya to lie on the floor. Appellant bound Araya's hands, taped shut his eyes, and stepped on his back before removing his wallet and the money

-

from the cash register.  This detention was separate and apart from the restraint necessary to commit the robbery and supported convictions for abduction and robbery.

For these reasons, appellant's convictions are affirmed.

<u>Affirmed.</u>

-