COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Felton and Senior Judge Overton
Argued at Chesapeake, Virginia


LEONA T. MANDER, S/K/A
 LEONA THELMA MANDER
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1310-02-1           JUDGE NELSON T. OVERTON
                                          APRIL 1, 2003
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                James C. Godwin, Judge Designate

          Douglas J. Walter (McDermott & Roe, on
          briefs), for appellant.

          Donald E. Jeffrey, III, Assistant Attorney
          General (Jerry W. Kilgore, Attorney General;
          Leah A. Darron, Assistant Attorney General,
          on brief), for appellee.


     A jury convicted Leona Mander of three counts of distribution

of cocaine.  On appeal, she contends the trial court erred in

denying her motion to strike the evidence.  Mander also contends

the trial court erred in denying her motion to strike a juror for

cause.  We disagree and affirm.

                           BACKGROUND

     McArthur Riddle, a retired police officer, worked as a paid

undercover informant for the drug task force.  Riddle was paid

$100 for each successful drug purchase and admitted the money he

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

earned from the task force constituted a good percentage of his income.  On January 22, January 31 and April 4, 2001, Riddle met with Investigators Jones and Motley of the drug task force. Riddle testified that on January 22 he telephoned Mander's home, spoke to a woman, and arranged to purchase crack cocaine.  Riddle testified he recognized Mander's voice because he had met her prior to January 22.  Riddle testified he drove to Mander's home, Mander entered his car, and he purchased crack cocaine from her. Jones was in another vehicle nearby, but could not see the transaction.  Jones followed Riddle to a prearranged location, and Riddle gave Jones the crack cocaine.

Riddle testified that on January 31 he drove to Mander's home, blew the horn and she came outside.  Riddle testified Mander entered his car and he purchased crack cocaine from her.  Jones was in another vehicle nearby, but again could not see the transaction.  Jones followed Riddle to a prearranged location, and Riddle gave him the crack cocaine.

Riddle testified that on April 4 he called Mander on the telephone and arranged a drug purchase.  Riddle drove to Mander's home and purchased crack cocaine from her.  Motley was in another vehicle nearby, but could not see the transaction.  Motley followed Riddle to a prearranged location, and Riddle gave him the crack cocaine.

None of Riddle's purchases were recorded on video or audio tape.  On April 6, 2001, Jones interviewed Mander at her home.  Jones testified that Mander told him that she had a "crack cocaine problem" and she sold cocaine.  The police searched Mander's home and recovered a medicine bottle with Mander's name on it.  The bottle tested positive for cocaine.  The police did not find any paraphernalia commonly associated with individuals distributing cocaine when they searched Mander's home.

Mander testified she had no prior criminal record and had a college education.  Mander testified she never sold cocaine to Riddle and denied being at home at the times Riddle purchased the cocaine.  Mander denied stating to Jones that she had a "crack cocaine problem."  Three alibi witnesses testified for Mander.

SUFFICIENCY OF EVIDENCE

Mander argues the Commonwealth failed to provide sufficient corroboration of the testimony by the paid undercover informant.  Mander also argues her testimony was more credible than the informant's testimony and she presented three credible alibi witnesses.

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).  "In its role of judging witness credibility, the

-

fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt."  Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).  "If there is evidence to support the conviction, an appellate court is not permitted to substitute its own judgment for that of the finder of fact, even if the appellate court might have reached a different conclusion.  Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998).  "Direct evidence is evidence which, if believed, establishes as a fact the point in issue."  Charles E. Friend, The Law of Evidence in Virginia § 1-3(c) (5th ed. 1999).

Riddle testified he purchased crack cocaine from Mander. If believed by the jury, his testimony established this fact. The Commonwealth was not required to corroborate Riddle's testimony.  The jury heard the testimony of the witnesses and observed their demeanor.  The jury knew that Riddle was paid for each successful drug transaction and that Mander was college educated and had no prior criminal record.  At the conclusion of the evidence the jury evaluated the testimony of the witnesses, including Mander's alibi witnesses, and determined that the testimony of the Commonwealth's witnesses was more credible than the testimony of the alibi witnesses.  The credibility of the witnesses and the weight of the evidence are matters to be determined solely by the trier of fact, and we will not

-

substitute our judgment for that of the trier of fact.  The

Commonwealth's evidence was competent, was not inherently

incredible, and was sufficient to prove beyond a reasonable

doubt that appellant was guilty of three counts of distribution

of cocaine.

FAILURE OF THE TRIAL COURT TO STRIKE A JUROR FOR CAUSE

During jury selection, in response to a question from the

prosecutor, prospective juror Stanley Young stated his brother

had been convicted of a drug offense ten to fifteen years

earlier but "[i]t would not have any bearing on what would

happen to [Mander] today."  The following exchange then

occurred:

>[PROSECUTOR]:  Do you believe that if
>someone is charged with a drug offense that
>they're more likely than not to be guilty of
>that offense?
>
>[YOUNG]:  Not necessarily, no.
>
>[DEFENSE COUNSEL]:  Not necessarily?
>
>[YOUNG]:  No.
>
>[DEFENSE COUNSEL]:  Could you indicate what
>circumstances, you said not necessarily.
>When would it be necessary?
>
>[YOUNG]:  If they had the drugs in their
>hand, they were caught, sure, you know, it
>would be.
>
>[DEFENSE COUNSEL]:  Do you believe simply
>because a police officer said something,
>that it must be so?
>
>[YOUNG]:  No, sir.

-

[DEFENSE COUNSEL]:  If someone, an officer
testified about the hand to hand purchase,
do you believe that he could be mistaken as
to who it was?

[YOUNG]:  No.

Defense counsel made a motion at a bench conference, but it was not transcribed.  After the bench conference, the trial judge again asked whether any prospective juror had any prejudice against Mander or knew of any reason why they could not render a fair and impartial verdict based upon the evidence.  No prospective juror responded.  Young was thereafter peremptorily struck from the panel.  Mander did not object to the swearing of the jury panel.

At the close of the Commonwealth's case, defense counsel stated he wanted to preserve a motion to strike Young for cause that he made outside the presence of the court reporter at the bench during voir dire.  The prosecutor objected because it had not been made on the record during voir dire.  The trial judge responded, "I heard you make the objection.  I overrule it."

On appeal, Mander argues Young's responses during voir dire "demonstrated a preconceived viewpoint that could severely bias the jury against" her.  Mander argues the trial judge's general question after the bench conference as to whether the prospective jurors could render an impartial verdict was insufficient to address Young's bias.  The Commonwealth argues

this issue is barred by Rule 5A:18 because the argument during the bench conference was not transcribed and the record fails to show why the trial judge denied Mander's motion to strike Young.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). "The burden is upon the appellant to provide us with a record which substantiates the claim of error. In the absence thereof, we will not consider the point." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991).

The record shows that defense counsel moved to strike Young for cause and that this motion was denied. However, the record does not show the basis for the motion and does not show why the trial judge denied the motion. Upon appellate review, this Court defers to a trial court's decision to retain a prospective juror, and will not reverse that decision absent a showing of "manifest error." Stewart v. Commonwealth, 245 Va. 222, 234,

-

427 S.E.2d 394, 402 (1993) (finding that a trial court sees and hears each member of the venire, and is in a better position than an appellate court to decide whether a factor will prevent or substantially impair a particular person's performance of his or her duties as a juror). Mander has failed to provide us with a sufficient record on appeal to determine whether the trial court committed "manifest error" in failing to strike Young for cause. Accordingly, Rule 5A:18 bars consideration of this issue, and the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Based upon the foregoing, we affirm Mander's convictions.

<u>Affirmed.</u>