COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Felton and Senior Judge Overton
Argued at Chesapeake, Virginia


DONYELL VONITIA SINGLETON

                                        MEMORANDUM OPINION* BY
v.    Record No. 1432-02-1               JUDGE NELSON T. OVERTON
                                              APRIL 1, 2003
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                          Randolph T. West, Judge

              Richard C. Kerns for appellant.

              Kathleen B. Martin, Assistant Attorney
              General (Jerry W. Kilgore, Attorney General,
              on brief), for appellee.


     Donyell Vonitia Singleton, appellant, was convicted of

burglary, grand larceny, attempted murder, and assault and

battery.  Appellant challenges only his convictions for burglary

and attempted murder and contends the evidence was insufficient to

support these convictions.  For the following reasons, we affirm

appellant's convictions.

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

(citation omitted).  So viewed, the evidence proved that

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Patricia Knight opened the "big door" at her home when she heard a knock. Appellant was at the door and asked for his dog. While Knight's daughter was getting the dog's food and medicine and bringing it downstairs, appellant "snatched" the locked screen door and popped the screen door open. Appellant entered the apartment and grabbed Knight's hair, put a black leash around her neck, and asked her if she thought she was cute. Knight told her daughter to run and get help. Appellant told Knight's daughter that if she left the house, he would kill Knight. Knight tried to reach for a bat she kept by her back door, but appellant "yoked" her back. Appellant pulled Knight back by the leash two or three times. Knight "felt like [her] eyes just popped out," and she could not breathe. Appellant had a knife in his hand, and "he had it up." The knife appellant possessed did not belong to Knight and did not come from Knight's home. They struggled, and Knight knew appellant was going to kill her if she did not do something. Knight was able to knock appellant off of her and onto the kitchen table. Appellant grabbed Knight's purse from the sofa and ran out the front door.

At trial, appellant claimed Knight opened the screen door to let him inside. Appellant claimed Knight came toward him with a knife in her hand. Appellant claimed he took the knife

-

from Knight and told Knight's daughter she did not need to get help because he would not hurt Knight.

The fact finder believed the Commonwealth's evidence, and rejected appellant's evidence. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The Commonwealth's evidence proved that appellant was armed with a knife when he entered Knight's home and that he attempted to kill Knight. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant committed burglary while armed and attempted murder.

For these reasons, appellant's convictions for burglary and attempted murder are affirmed.

Affirmed.

-