COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Overton
Argued at Chesapeake, Virginia

REGGIE GERALD WILSON

                                    MEMORANDUM OPINION* BY
v.    Record No. 2426-01-3         JUDGE NELSON T. OVERTON
                                         JULY 16, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HENRY COUNTY
                  David V. Williams, Judge

        Joseph R. Winston, Special Appellate Counsel,
        Public Defender Commission, for appellant.

        Steven A. Witmer, Assistant Attorney General
        (Jerry W. Kilgore, Attorney General, on
        brief), for appellee.


     Reggie Gerald Wilson appeals his bench trial convictions for

possession of cocaine and two counts of distribution of cocaine.

He contends the trial court erred by denying his motion to

strike the evidence.  He argues the Commonwealth failed to prove

an adequate chain of custody of the seized substances.  For the

reasons that follow, we disagree and affirm his conviction.

                         BACKGROUND

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

<u>Commonwealth</u>, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

So viewed, the evidence proved that on August 25, 2000, Investigators Burton and White worked on an undercover narcotics purchase in an area known for drug activity. Soon after their arrival, Wilson approached the officers. He produced a white pill bottle containing an off-white rock. Burton paid Wilson twenty dollars for the rock and returned to the rendezvous site where he placed the rock in a plastic bag and labeled it. Shortly thereafter, Wilson again sold a white substance to Burton, which the officer bagged and labeled. After a brief foot chase, the officers apprehended Wilson and found more rocks on his person. All the items were bagged, labeled and sent to the state laboratory for analysis. The Commonwealth introduced certificates of analysis stating the substances were cocaine, without objection from Wilson. He made no motion to exclude the certificates because of a flaw in the chain nor did he show any evidence of tampering.

On appeal, Wilson argues the evidence was insufficient to support his conviction because the Commonwealth's evidence failed to establish the substances tested were the same substances he possessed. Wilson failed to object to the admissibility of the certificates of analysis, but did move to strike the evidence on the ground of sufficiency.

"All that is necessary to establish a chain of custody of exhibits is that the evidence afford reasonable assurance that the exhibits at trial are the same and in the same condition as they were when first obtained." Smith v. Commonwealth, 219 Va. 554, 559, 248 S.E.2d 805, 808 (1978). "The Commonwealth is not required to exclude every conceivable possibility of substitution, alteration, or tampering." Pope v. Commonwealth, 234 Va. 114, 121, 360 S.E.2d 352, 357 (1987). Burton testified he collected the samples on August 25, 2000, packaged and labeled the evidence, and personally delivered it to the state laboratory on September 6, 2000. "Where there is mere speculation that contamination or tampering could have occurred, it is not an abuse of discretion to . . . let what doubt there may be go to the weight to be given the evidence." Reedy v. Commonwealth, 9 Va. App. 386, 391, 388 S.E.2d 650, 652 (1990).

Here, the trial court, as fact finder, weighed the evidence and determined the Commonwealth adequately established that the substances tested were the same ones Burton collected. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a

-

reasonable doubt that Wilson was guilty of distribution and possession of cocaine.

Accordingly, we affirm the decision of the trial court.

<u>Affirmed.</u>