COURT OF APPEALS OF VIRGINIA


Present:    Judges Clements, Haley and Senior Judge Bumgardner
Argued by teleconference


LUCIO HENRY CABRERA-SANCHEZ

MEMORANDUM OPINION[*] BY
v.        Record No. 1183-07-4             JUDGE RUDOLPH BUMGARDNER, III
                                           FEBRUARY 12, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Gaylord L. Finch, Judge

(Charles J. Swedish, on brief), for appellant.  Appellant submitting
on brief.

Karen Misbach, Assistant Attorney General II (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Lucio Henry Cabrera-Sanchez appeals his convictions after a bench trial for two counts

of assault and battery on a family or household member, third or subsequent offense, Code

§ 18.2-57.2.  He contends the evidence was insufficient to support either conviction.  Concluding

the evidence was sufficient, we affirm.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

On August 2, 2006, Laura Gutierrez called the police to report that Cabrera-Sanchez, her

live-in boyfriend and the father of her children, had attacked her.  Officer Patrick Kinney

responded and found Gutierrez agitated and crying with red marks on her face.  The victim

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

provided the police with a handwritten statement describing the event. The next day, the defendant telephoned the victim from jail and repeatedly tried to persuade her to claim that the incident was just a misunderstanding and that she wanted to drop the charges.

On August 31, 2006, Gutierrez again called the police. Officer Sara Gorny responded to the scene and found Gutierrez outside the residence. She had tears in her eyes, her voice was shaking, and she had fingerprint marks on both upper arms and a "brush burn" on her foot. The officer went in the residence and spoke with the defendant. He was seated in the living room in a relaxed manner and had an odor of alcohol on his breath. He admitted making the marks on the victim but claimed he was trying to keep her from hitting him.

At trial, the victim minimized the defendant's role in both incidents. She claimed that she struck the defendant on August 2 and she threw herself down the stairs on August 31. She maintained she had lied to the police about both incidents. However, the victim acknowledged that the defendant had hit her hard enough to knock her down and that she was in pain the day after the August 2 incident. She also acknowledged that the night of August 31 she had told the police that the defendant grabbed her and caused her to fall down the steps.

The defendant's only objection to the Commonwealth's other evidence was sustained. The trial court sustained an objection to the officer recounting the victim's statements when he first arrived on August 2. However, without contemporaneous objection, the Commonwealth introduced the victim's handwritten statement made at the scene. It recounted the defendant was spanking the couple's son and the victim pulled the defendant away. The defendant reacted by hitting her in the head "really hard" and knocking her to the floor. The Commonwealth introduced a recording of the telephone call the defendant made from jail. In it the defendant tried to talk the victim out of proceeding with the charges, but in response she confirmed that the defendant had hit her.

The trial court believed the Commonwealth's evidence showing the defendant was the aggressor. It rejected the victim's retraction of her earlier statements and the defendant's version of the events. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). We find no error with the trial court's determination of credibility.

The argument in the defendant's brief consists of three, one-sentence paragraphs citing a single case.[1] The defendant contends the evidence was (1) insufficient to convict because it proves the defendant acted in self-defense, and (2) was insufficient because it could only have been based on prior inconsistent statements. Suffice it to say, the evidence did not raise the issue of self-defense nor did the defendant argue that on appeal. The second argument makes an admissibility of evidence argument when raising a sufficiency issue. The defendant inserts the rule on the admissibility of prior inconsistent statements that were used to impeach into an issue addressing the weight to be given conflicting statements admitted without objection.

The testimony of the officers, the victim's written report, the defendant's statements, and the physical evidence of the victim's injuries constituted sufficient evidence to permit a finding that the defendant committed assault and battery on August 2. Likewise, the victim's demeanor at the scene and obvious injuries combined with the officer's observations were sufficient to permit a finding that the defendant committed the second assault and battery on August 31. The defendant's behavior and lack of any injuries belied his claim that he merely defended himself.

---

[1] Thornton v. Downes, 177 Va. 451, 14 S.E.2d 345 (1941), that stands for the proposition that a prior inconsistent statement that is used to impeach a witness is not evidence to prove the fact stated in it.

The Commonwealth's evidence was competent, not inherently incredible, and sufficient to prove beyond a reasonable doubt both counts of domestic assault and battery.  Accordingly, we affirm.

<u>Affirmed.</u>